BERKES CRANE ROBINSON & SEAL LLP
Steven M. Crane (SBN 108930)
  *scrane@bcrslaw.com*
Laurie S. Julien (SBN 136974)
  *ljulien@bcrslaw.com*
515 South Figueroa Street, Suite 1500
Los Angeles, California 90071
Telephone:   (213) 955-1150
Facsimile:   (213) 955-1155

Attorneys for RLI INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>LORI LUNA,<br><br>            Defendant. | CASE No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |

Plaintiff RLI Insurance Company ("RLI") alleges:

## **NATURE OF THE ACTION**

1.     This is an insurance coverage dispute between RLI and its insured, Defendant Lori Luna ("Luna").  RLI asks the Court to declare and adjudge the respective rights, duties and obligations of the parties under a certain personal umbrella policy issued by RLI to Luna in connection with the underlying claim, as described below.

2.     RLI asks the Court to declare that RLI does not have a duty to pay underinsured motorist benefits to Luna under the RLI Policy in connection with injuries allegedly sustained in the motor vehicle collision described below ("Underlying Claim").

**THE PARTIES**

3.      RLI is, and at all relevant times hereto was, a corporation incorporated in Illinois with its principal place of business in Peoria, Illinois.  At all times mentioned herein, RLI was and is an insurance company authorized to do business in California.

4.      RLI is informed and believes, and based thereon alleges, that at all times mentioned herein, Luna was an individual residing in Anaheim, California.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the claims for relief pursuant to 28 U.S.C. §1332(a)(1), in that there is complete diversity of citizenship between RLI and Luna and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, as the amount Luna demands from RLI exceeds $75,000. Additionally, this Court has jurisdiction over the declaratory relief claim pursuant to 28 U.S.C. §§2201 and 2202.

6.      Venue is proper is this judicial district, and before this Court, pursuant to 28 U.S.C. §1391(b)(1) and (2) because Luna resides in this judicial district, and the traffic collision giving rise to the Underlying Claim occurred in this judicial district.  Furthermore, the RLI Policy that is the subject of this litigation was issued to Luna at her residence in Anaheim, California, located in this judicial district.

**THE UNDERLYING CLAIM**

7.      On or about July 19, 2018, Luna was involved in a motor vehicle collision with Michael Dang ("Dang") who was operating a 1997 Ford F47 truck ("Truck") owned by Raymond De La Cruz ("De La Cruz"), resulting in the Underlying Claim.

8.      At the time of the collision, Dang was transporting inedible kitchen grease in the Truck, in the course and scope of his employment with Cari Recycling, a business owned by De La Cruz.

9.      At the time of the collision, Dang was insured under a personal auto

policy with GEICO with a $25,000 per person limit of liability coverage that was paid to Luna.

10. At the time of the collision, the Truck was insured under an automobile policy issued to De La Cruz by State Farm Mutual Automobile Insurance Company, policy no. 579-9433-A17-75A, effective July 17, 2018 to July 17, 2019, with stated limits of liability on the declarations page of $100,000 ("State Farm Policy"). A true and correct copy of the State Farm Policy is attached hereto as Exhibit 1.

11. Because the Truck was transporting kitchen grease, the Truck was required to carry a minimum of $2 million liability insurance under California Food & Agricultural Code section 19310 (c) 1-3.

12. Under California law, the statutorily mandated minimum limits are deemed to be the limits of the policy issued. *See Contreras v. America, Compania General De Seguros, S.A.* (1975) 48 Cal.App.3d 270, 275. Accordingly, the State Farm Policy insuring the Truck is deemed to have liability limits of $2 million, rather than the $100,000 stated limits.

13. At the time of the collision, Luna was insured by a primary automobile policy issued by 21st Century Insurance to Gilbert and Lori Luna, policy no. 3897369, effective July 12, 2018 to January 12, 2019, with uninsured/underinsured motorist limits of $250,000 ("21st Century Policy"). A true and correct copy of the 21st Century Policy is attached as Exhibit 2.

14. Because the 21st Century Policy has underinsured motorist limits of $250,000 and the State Farm Policy has deemed liability limits of $2 million, the Truck was not insured for less than Luna's underinsured motorist coverage under the 21st Century Policy.

15. Luna made a claim under the State Farm Policy for injuries allegedly sustained as a result of the collision. State Farm paid $100,000 in settlement of that claim.

16. Luna also presented an underinsured motorist claim under the 21st

1  Century Policy.  21st Century paid $125,000 under the underinsured motorist

2  coverage of the 21st Century Policy to settle that claim.

3      17.    RLI was not notified of Luna's settlements of the Underlying Claim

4  with State Farm, GEICO or 21st Century, and did not consent to any of those

5  settlements.

6          **THE RLI UMBRELLA POLICY AND THIS COVERAGE**

7          **DISPUTE**

8      18.    RLI issued to Gilbert and Lori Luna a Personal Umbrella Liability

9  Policy, policy no. PUP1113913, effective from January 28, 2018 to January 28,

10 2019 ("RLI Policy").  The RLI Policy has excess uninsured/underinsured motorist

11 limits of $1 million.  A true and correct certified copy of the RLI Policy is attached

12 as Exhibit 3.

13     19.    The RLI Policy provides excess uninsured/underinsured motorist

14 coverage, subject to the terms, conditions and provisions of the Excess

15 Uninsured/Underinsured Motorist Endorsement, which provides, in part:

16         This endorsement modifies insurance provided under the
           following:
17
           PERSONAL UMBRELLA LIABILITY POLICY
18         POLICY PROVISIONS
19                                  . . .
20         **Excess Uninsured/Underinsured Motorist Coverage**.

21         We will pay those sums which you or your **Relative** is
           legally entitled to recover as damages from an uninsured
22         or underinsured motorist because of **Bodily Injury** to
           which this insurance applies, caused by an **Accident** and
23         in excess of all **Underlying Insurance** up to and not to
           exceed the Excess Uninsured/ Underinsured Motorists
24         Limit of Coverage shown on the Declarations….
25         This insurance applies only if:
26         a. The policy limits of any and all **Underlying Insurance**
           have been exhausted by payment of judgments or
27         settlements; [Policy, Form PUP 325C (9/14), pg. 69]

28     20.    The RLI Policy's Excess Uninsured/Underinsured Motorist

Endorsement defines "Underlying Insurance" as follows:

> **Underlying Insurance** means the Required Basic Uninsured/Underinsured Policy as shown in the Declarations ***and any other applicable liability, uninsured and/or underinsured motorist coverage***, and any bond [emphasis italics added]. [Policy, Form PUP 325C (9/14), pg. 70]

21.     The RLI Policy's Excess Uninsured/Underinsured Motorist Endorsement contains an exclusion that provides:

> Part V-WHAT IS NOT COVERED-EXCLUSIONS is amended to include the following additional exclusions with respect to coverage provided by this endorsement:
>
> This policy does not provide coverage for:
>
> . . .
>
> b) Damages because of **Bodily Injury** otherwise payable under this Excess Uninsured/Underinsured Motorists Coverage if such damages or any portion thereof are included in a settlement or agreement by or on behalf of you or your **Relative** which is entered into without our prior written consent. [Policy, Form PUP 325C (9/14).pg. 69]

22.     Luna also presented a claim to RLI for excess underinsured motorist benefits under the RLI Policy in connection with the Underlying Claim.  Luna claims that underinsured motorist benefits are due under the RLI Policy, and that RLI is required to pay its $1 million underinsured motorist limit, in connection with the Underlying Claim.

23.     RLI contends that the underinsured motorist benefit of the RLI Policy is not triggered in connection with the Underlying Claim for at least three reasons. First, because the 21st Century Policy insuring Luna's vehicle has underinsured motorist limits of $250,000 and the State Farm Policy covering the Truck is deemed to have liability limits of $2 million, the Truck is not insured for less than the amount of the underinsured motorist coverage of the 21st Century Policy insuring Luna's vehicle.  As a result, no underinsured motorist benefits were triggered under

the 21st Century Policy, to begin with.  As such, no underinsured motorist benefits are triggered under the *excess* underinsured motorist coverage of the RLI Policy.

24.     Second, RLI contends that the applicable limit of the Underlying Insurance provided by the State Farm Policy insuring the Truck has not been exhausted.  RLI's obligation to pay underinsured motorist benefits is explicitly contingent on "any and all **Underlying Insurance**" being "exhausted by payment of judgments or settlements."  (RLI Policy, pg. 69.)  The State Farm Policy constitutes Underlying Insurance to the RLI Policy as it is "any other applicable liability… coverage."  (RLI Policy, pg. 70.)  Because the State Farm Policy is deemed to have limits of $2 million, and State Farm paid only $100,000 in settlement of the Underlying Claim, RLI contends that the State Farm Policy has not exhausted. Thus, coverage under the RLI Policy's Excess Uninsured/Underinsured Motorist Endorsement has not been triggered.  As a result, RLI has no duty to pay underinsured motorist benefits to Luna in connection with the Underlying Claim.

25.     Third, given that RLI was not provided notice of, and did not consent to, Luna's settlements of the Underlying Claim, RLI contends that it has no obligation to pay any underinsured motorist benefits in connection with the Underlying Claim in light of the RLI Policy's requirement of "prior written consent" for any settlement.

## FIRST CAUSE OF ACTION

### (Declaratory Relief: RLI Has No Duty to Pay Underinsured Motorist Benefits)

26.     RLI realleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

27.     RLI seeks a judicial declaration of its rights and duties under the RLI Policy with respect to the Underlying Claim, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

28.     RLI has no duty to pay underinsured motorist benefits to Luna in

connection with the Underlying Claim because (a) the Truck is not insured for less than the underinsured motorist limits of the 21st Century Policy insuring Luna's vehicle; (b) the applicable limits of the Underlying Insurance has not exhausted, and (c) RLI did not provide prior written consent to Luna's settlements of the Underlying Claim.

29.     RLI is informed and believes that Luna claims she is entitled to underinsured motorist benefits under the RLI Policy in connection with the Underlying Claim.

30.     An actual and justiciable controversy exists between RLI and Luna concerning their respective rights, duties and obligations under the RLI Policy with respect to the Underlying Claim.

31.     RLI desires a judicial declaration and determination that underinsured motorist benefits under the RLI Policy have not been triggered in connection with the Underlying Claim because: (a) the Truck is not insured for less than the underinsured motorist coverage limits of the 21st Century Policy insuring Luna's vehicle; (b) the applicable limits of the Underlying Insurance has not exhausted by payment of any judgment or settlement, and (c) Luna breached the RLI Policy provision requiring prior written consent with respect to Luna's the settlement of the Underlying Claim with State Farm and 21st Century.

32.     A judicial declaration is necessary and appropriate at this time so that RLI and Luna may ascertain their rights, duties and obligations under the RLI Policy with respect to underinsured motorist benefits in connection with the Underlying Claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RLI Insurance Company prays for judgment against Defendant Lori Luna as follows:

1.     For a declaration regarding the rights, duties and obligations of RLI consistent with this pleading, including the specific finding and declaration that RLI

1 | has no duty to pay underinsured motorist benefits under the RLI Policy in
2 | connection with the Underlying Claim;

3 |     2.     For a declaration regarding the rights, duties and obligations of RLI
4 | consistent with this pleading, including the specific finding and declaration that
5 | Underlying Insurance to the RLI Policy has not exhausted;

6 |     3.     For a declaration regarding the rights, duties and obligations of RLI
7 | consistent with this pleading, including the specific finding and declaration that
8 | Luna's breach of the provision of the RLI Policy requiring RLI's "prior written
9 | consent" to settlement excludes coverage for the Underlying Claim;

10 |     4.     For costs of suit incurred herein; and

11 |     5.     For such other and further relief as the court deems just and equitable.

13 | DATED: September 15, 2020     BERKES CRANE ROBINSON & SEAL LLP

By: _____

STEVEN M. CRANE
LAURIE S. JULIEN
Attorneys for Plaintiff
RLI INSURANCE COMPANY

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff RLI Insurance Company hereby demands a jury trial of this action.

3

4   DATED: September 15, 2020        BERKES CRANE ROBINSON & SEAL LLP

5

6

7                                    By: _____

8                                        STEVEN M. CRANE
                                         LAURIE S. JULIEN
9                                        Attorneys for Plaintiff
                                         RLI INSURANCE COMPANY
10

11

64A1409.DOCX

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**StateFarm**

## Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Mutual Automobile Insurance Company.

I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 579 9433 A17 75A including any endorsements, if applicable, for the policy term(s) July 17, 2018 to July 17, 2019 and insuring Raymond De La Cruz based on available records.

The policy was in effect on the loss date of July 19, 2018.

Dale Perkins
Underwriter
Date:____8-12-19____

2000 143551 200 03-21-2012

State Farm Mutual Automobile Insurance Company

34570-4-B    MATCH  00622  MUTL  VOL

PO Box 853922
Richardson, TX 75085-3922

### DECLARATIONS PAGE

NAMED INSURED        00622

75-0942-4 B     A

000622   0058

DE LA CRUZ, RAYMOND
410 W GROVE AVE
ORANGE CA  92865-3208

| POLICY NUMBER   579 9433-A17-75A |
| POLICY PERIOD JUL 17 2018 to JUL 17 2019 |
| 12:01 A.M. Standard Time |

STATE FARM PAYMENT PLAN NUMBER
1282472223

AGENT

TIFFANI VU INS AND FINSVCS INC
9831 WALKER ST
CYPRESS, CA 90630-3826

PHONE: (714)827-5701

DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.
IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.

## YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|------|------|-------|-----------|-------------------|-------|
| 1997 | FORD | F47 | TANK TRK | 1FDLF47F3VEB71117 | Commercial |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---------|-------------------|----------|
| A | Liability Coverage | $1952.06 |
| | Bodily Injury Limits | |
| | Each Person, Each Accident | |
| | $100,000      $300,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $250,000 | |
| U | Uninsured Motor Vehicle Coverage | $66.12 |
| | Bodily Injury Limits | |
| | Each Person, Each Accident | |
| | $100,000    $300,000 | |
| U1 | Uninsured Motor Vehicle Property Damage Coverage | $12.80 |

| Total premium for JUL 17 2018 to JUL 17 2019 | $2,030.98 | This is not a bill. |

## IMPORTANT MESSAGES

Replaced policy number 5799433-75.

State Farm works hard to offer you the best combination of price, service, and protection.   The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

Consumer report reference number: 71GD3FR

Please refer to the enclosed insert for additional information.

## EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)

YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET –
FORM 9805B, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.
6018CD    COMMERCIAL VEHICLE.
6031CD    ANNUAL POLICY PERIOD.
6062W     ERRONEOUS DELIVERY OF LIQUID PRODUCTS.
6126MD    EXCESS COVERAGE FOR PERSONAL VEHICLE SHARING.
6128AC    AMENDATORY ENDORSEMENT.
6771BD    AMENDMENT OF NONRENEWAL AND CANCELLATION.

Agent:    TIFFANI VU INS AND FINSVCS INC

Telephone: (714)827-5701

06223/08275
155-3566 CA.2 05-2002 (o1e025fc)
I4SX6N1      (o1e025b)

(o1e025cc)

Prepared   SEP 12 2018        0942-C18

See Reverse Side

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Secretary

President

**IMPORTANT NOTICE:**
California law requires us to provide you with information for filing complaints with the State Insurance Department regarding the coverage and service provided under this policy.

Your agent's name and contact information are provided on the front of this document. Another option is to reach out by mail or phone directly to:

State Farm® Executive Customer Service
PO Box 2320
Bloomington IL 61702
Phone # 1-800-STATEFARM (1-800-782-8332)

Department of Insurance complaints should be filed only after you and State Farm or your agent or other company representative have failed to reach a satisfactory agreement on a problem.

California Department of Insurance
Consumer Services Division
300 South Spring Street
Los Angeles, CA 90013
Phone # 1-800-927-HELP (4357) or visit www.insurance.ca.gov/01-consumers

## NOTICE

We are required to furnish you with the following information:

1. An automobile liability insurance company may cancel a policy before the end of the current policy period for reasons described in the provision titled **Cancellation** which is located in the **General Terms** section of your policy (refer to the Contents in the beginning of your policy for the page number).

2. An automobile liability insurance company may increase the premium or refuse to renew the policy for any of the following reasons:

   a. Accident involvement by an insured, and whether an insured is at fault in the accident.

   b. A change in, or an addition of, an insured vehicle.

   c. A change in, or addition of, an insured under the policy.

   d. A change in the location of garaging of an insured vehicle.

   e. A change in the use of the insured vehicle.

   f. Convictions for violating any provision of the Vehicle Code or the Penal Code relating to the operation of a motor vehicle.

   g. The payment made by an insurer due to a claim filed by an insured or a third party.

An automobile liability insurance company may increase the premium or refuse to renew the policy for reasons that are not listed above but which are lawful and not unfairly discriminatory.

**PLEASE ATTACH TO YOUR POLICY BOOKLET**

Policy Number: 579 9433-A17-75A
Sheet 1 of 2

## 6031DD ANNUAL POLICY PERIOD

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

### GENERAL TERMS

**When Coverage Applies** is changed to read:

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of twelve months each for which the renewal premium is paid. The policy period begins and ends at 12:01 A.M. Standard Time at the address shown on the Declarations Page.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

6031DD

---

## 6062W ERRONEOUS DELIVERY OF LIQUID PRODUCTS

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

### LIABILITY COVERAGE

**Exclusions**

The following is added:

THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF:

1. THE DELIVERY OF ANY LIQUID PRODUCT:

   a. INTO THE WRONG RECEPTACLE; OR

   b. TO THE WRONG ADDRESS; OR

2. THE DELIVERY OF THE WRONG LIQUID PRODUCT,

IF THE DAMAGE OCCURS AFTER THE DELIVERY HAS BEEN COMPLETED. DELIVERY SHALL BE CONSIDERED COMPLETED WHEN THE CONNECTION BETWEEN THE TRUCK AND THE RECEPTACLE IS BROKEN, EVEN IF FURTHER WORK FOR SERVICE, MAINTENANCE, CORRECTION, REPAIR, OR REPLACEMENT IS REQUIRED BECAUSE OF ERRONEOUS DELIVERY.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

6062W

06224/08275
ED1

Policy Number: 579 9433-A17-75A

**PLEASE ATTACH TO YOUR POLICY BOOKLET**

# 6126MD EXCESS COVERAGE FOR PERSONAL VEHICLE SHARING

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of this policy remain the same and apply to this endorsement.

## 1. LIABILITY COVERAGE

### a. Exclusions

Exclusion 15. is replaced by the following:

THERE IS NO COVERAGE FOR AN *INSURED* FOR THE OWN-ERSHIP, MAINTENANCE, OR USE OF *YOUR CAR OR A NEWLY ACQUIRED CAR WHILE USED IN PERSONAL VEHICLE SHARING.* This exclusion does not apply to *you* and *resident relatives* when, and only if, the full amount of all available limits of all other liability bonds, policies, and self-insurance plans that apply have been used up by payment of judgments or settlements, or have been offered in writing.

### b. If Other Liability Coverage Applies

The first paragraph of item 2. is changed to read:

The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of *your car* or a *trailer* attached to it, except while used in *personal vehicle sharing.* The Liability Coverage provided by this policy applies as excess coverage for the ownership, maintenance, or use of *your car* or a *trailer* attached to it while *your car* or a *trailer* attached to it is used in *personal vehicle sharing.*

## 2. MEDICAL PAYMENTS COVERAGE

### a. Exclusions

(1) Exclusion 3. is replaced by the following:

THERE IS NO COVERAGE FOR AN *INSURED* WHO IS *OCCUPYING A NEWLY ACQUIRED CAR WHILE IT IS RENTED OR LEASED TO OTHERS BY AN INSURED.* This exclusion does not apply to *you* and *resident relatives* while *occupying your car* or a *newly acquired car* while *used in personal vehicle sharing* when, and only if, the full amount of all available medical payments coverage or similar vehicle insurance that apply have been paid.

(2) Exclusion 15. is replaced by the following:

THERE IS NO COVERAGE FOR AN *INSURED* WHO IS *OCCUPYING YOUR CAR OR A NEWLY ACQUIRED CAR WHILE USED IN PERSONAL VEHICLE SHARING.* This exclusion does not apply to *you* and *resident relatives* while *occupying your car* or a *trailer* attached to it while *your car* or a *trailer* attached to it is used in *personal vehicle sharing.*

### b. If Other Medical Payments Coverage or Similar Vehicle Insurance Applies

The first paragraph of item 3. is changed to read:

The Medical Payments Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car* or a *trailer* attached to it, except while *your car* or a *trailer* attached to it is used in *personal vehicle sharing.* The Medical Payments Coverage provided by this policy applies as excess coverage for *you* and *resident relatives* who sustain *bodily injury* while *occupying your car* or a *trailer* attached to it while *your car* is used in *personal vehicle sharing.*

## 3. UNINSURED MOTOR VEHICLE COVERAGE

### a. Exclusions

Exclusion 6. is replaced by the following:

THERE IS NO COVERAGE FOR AN *INSURED* WHO IS *OCCU-PYING YOUR CAR OR A NEWLY ACQUIRED CAR WHILE USED IN PERSONAL VEHICLE SHARING.* This exclusion does not apply to *you* and *resident relatives* while *occupying your car* or a *trailer* attached to it while *your car* or a *trailer* attached to it is used in *personal vehicle sharing.*

### b. If Other Uninsured Motor Vehicle Coverage Applies

The first paragraph of item 2. is changed to read:

The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car,* except while *occupying your car* is used in *personal vehicle sharing.* The Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage for *you* and *resident relatives* who sustain *bodily injury* while *occupying your car* while *your car* is used in *personal vehicle sharing.*

## 4. PHYSICAL DAMAGE COVERAGES

### a. Exclusions

(1) Exclusion 2. is replaced by the following:

THERE IS NO COVERAGE FOR ANY *COVERED VEHICLE FOR WHICH IS RENTED OR LEASED TO OTHERS BY AN INSURED.* This exclusion does not apply to *you* and *resident relatives* while *occupying your car* or a *newly acquired car* while used in *personal vehicle sharing* when, and only if, the full amount of all available limits of all other sources of physical damage coverage or similar coverage that apply have been paid.

(2) Exclusion 20. is replaced by the following:

THERE IS NO COVERAGE FOR *YOUR CAR OR A NEWLY ACQUIRED CAR WHILE USED IN PERSONAL VEHI-CLE SHARING.* This exclu-sion does not apply to *you* and *resident relatives* when, and only if, the full amount of all available limits of all other sources of physical damage

© Copyright, State Farm Mutual Automobile Insurance Company, 2013

6126MD

© Copyright, State Farm Mutual Automobile Insurance Company, 2013

6126MD

06224/08275

PLEASE ATTACH TO YOUR POLICY BOOKLET

Policy Number: 579 9433-A17-75A
Sheet 2 of 2

b. If Other Physical Damage Coverage or Similar Coverage Applies

The first paragraph of item 3. is changed to read:

The physical damage coverages provided by this policy apply as

coverage or similar coverage that apply have been paid.

primary coverage for a *loss* to *your car*, except while *your car* is used in *personal vehicle sharing*. The physical damage coverages provided by this policy apply as excess coverage for a *loss* to *your car* while it is used in *personal vehicle sharing*.

# 6771BD AMENDMENT OF NONRENEWAL AND CANCELLATION

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

## GENERAL TERMS

1. Item 8. is changed to read:

   8. Nonrenewal

   If we decide not to renew this policy, then, at least 60 days before the end of the current policy period, we will mail or deliver a nonrenewal notice to the most recent policy address that we have on record for the named insured who is shown on the Declarations Page.

2. Item 9.b. is changed to read:

   9. Cancellation

   b. How and When We May Cancel

   We may cancel this policy by mailing or delivering a written notice to the most recent policy address that we have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

   (1) If we mail or deliver a cancellation notice:

   (a) during the first 59 days following this policy's effective date;

   (b) because the premium is not paid when due, or

   (c) because of fraud,

   then the date cancellation is effective will be at least 10 days after the date we mail or deliver the cancellation notice.

   Otherwise, the date cancellation is effective will be at least 30 days after the date we mail or deliver the cancellation notice.

   (2) After this policy has been in force for more than 59 days, we will not cancel this policy before the end of the current policy period unless:

   (a) the premium is not paid when due; or

   (b) the cancellation is for any other reason allowed by California law.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2013
6126UD

©, Copyright, State Farm Mutual Automobile Insurance Company, 2011
6771BD

06225/08276
ED1

## 6128AC AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

    *Newly Acquired Car* is changed to read:

    *Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*.

    A *car* ceases to be a *newly acquired car* on the earlier of:

    1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or

    2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.

    If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500.

2. **LIABILITY COVERAGE**

    a. **Additional Definitions**

    Item 4. of *Insured* is changed to read:

    *Insured* means any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is:

    a. neither *owned by*, nor hired by, that other *person* or organization; and

    b. neither available for, nor being used for, carrying *persons* for a charge.

    b. **Exclusions**

    (1) Exclusion 6. is changed to read:

    THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS:

    a. MADE AVAILABLE; OR

    b. BEING USED

    TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

    (2) The exception to exclusion 10. is changed to read:

    This exclusion does not apply to damage to a:

    a. motor vehicle *owned by* the employer of *you* or the employer of any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

    b. residence while rented to or leased to an *insured*; or

    c. private garage while rented to or leased to an *insured*;

Page 1 of 5
©, Copyright, State Farm Mutual Automobile Insurance Company, 2015
6128AC

3. **MEDICAL PAYMENTS COVERAGE**

   **Exclusions**

   Exclusion 4. is changed to read:

   THERE IS NO COVERAGE FOR AN *INSURED* WHO IS *OCCUPYING* A VEHICLE WHILE IT IS:

   a. MADE AVAILABLE; OR

   b. BEING USED

   TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to:

   a. the use of a *private passenger car* on a share-the-expense basis; or

   b. an *insured* while *occupying* a *non-owned car* as a passenger;

4. **PHYSICAL DAMAGE COVERAGES**

   a. The paragraph that reads:

   If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

   is changed to read:

   **Deductible**

   1. If "D" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to Comprehensive Coverage, if any, is the dollar amount shown on the Declarations Page next to the title of this coverage. However, *we* will not deduct more than $500 for any *loss* to a *newly acquired car*.

   2. If "G" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to Collision Coverage is

the dollar amount shown on the Declarations Page next to the title of this coverage. However, *we* will not deduct more than $500 for any *loss caused by collision* to a *newly acquired car*.

b. **Insuring Agreements**

   **Car Rental and Travel Expenses Coverage**

   Item 4.a. **Car Rental Expenses** is changed to read:

   **Car Rental Expense**

   *We* will pay the *daily rental charge* incurred when an *insured* rents a *car* from a *car business* while *your car* or a *newly acquired car* is:

   (1) not drivable; or

   (2) being repaired

   as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

   *We* will pay this *daily rental charge* incurred during a period that:

   (1) starts on the date:

      (a) the vehicle is not drivable as a result of the *loss*; or

      (b) the vehicle is left at a repair facility if the vehicle is drivable; and

   (2) ends on the earliest of:

      (a) the date the vehicle has been repaired or replaced;

      (b) the date *we* offer to pay for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

Page 2 of 5                                    6128AC

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

(c) seven days after *we* offer to pay for the *loss* if the vehicle is:

    (i) a total loss as determined by *us*; or

    (ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by an *insured* must be reported to *us* before *we* will pay such amount.

c. **Exclusions**

Exclusion 3. is changed to read:

THERE IS NO COVERAGE FOR ANY ***COVERED VEHICLE*** WHILE IT IS:

a. MADE AVAILABLE; OR

b. BEING USED

TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

5. **INSURED'S DUTIES**

a. Item 7.a.(3) is changed to read:

A *person* making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

(3) provide written authorization for *us* to obtain medical bills, medical records, wage information, salary information, employment information, and any other information *we* deem necessary to substantiate the claim.

Such authorizations must not:

(a) restrict *us* from performing *our* business functions in:

    (i) obtaining records, bills, information, and data; nor

    (ii) using or retaining records, bills, information, and data collected or received by *us*;

(b) require *us* to violate federal or state laws or regulations;

(c) prevent *us* from fulfilling *our* data reporting and data retention obligations to insurance regulators; or

(d) prevent *us* from disclosing claim information and data:

    (i) to enable performance of *our* business functions;

    (ii) to meet *our* reporting obligations to insurance regulators;

    (iii) to meet *our* reporting obligations to insurance data consolidators; and

    (iv) as otherwise permitted by law.

If an injured *insured* is a minor, unable to act, or dead, then his or her legal representative must provide

6128AC

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

*us* with the written authorization.

If the holder of the information refuses to provide it to *us* despite the authorization, then at *our* request the *person* making claim or his or her legal representative must obtain the information and promptly provide it to *us*; and

b. The following is added to item 7.:

A *person* making claim under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must submit to *us* all information *we* need to comply with federal and state laws and regulations.

6. **GENERAL TERMS**

a. The following is added to **Newly Owned or Newly Leased Car**:

If a *resident relative* wants to insure a *car* newly *owned by* the *resident relative* with the **State Farm Companies** after that *car* ceases to be a *newly acquired car*, then the *resident relative* must apply to the **State Farm Companies** for a separate policy to insure the *car* newly *owned by* the *resident relative*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

b. The following are added to **GENERAL TERMS**:

**Electronic Delivery**

With *your* consent, *we* may electronically deliver any document or notice, including a notice to renew, nonrenew, or cancel, instead of mailing it or delivering it by other means. Proof of transmission will be sufficient proof of notice.

**Our Rights Regarding Claim Information**

a. *We* will collect, receive, obtain, use, and retain all the items described in item b.(1) below and use and retain the information described in item b.(3)(b) below, in accordance with applicable federal and state laws and regulations and consistent with the performance of *our* business functions.

b. Subject to a. above, *we* will not be restricted in or prohibited from:

(1) collecting, receiving, or obtaining records, receipts, invoices, medical bills, medical records, wage information, salary information, employment information, data, and any other information;

(2) using any of the items described in item b.(1) above; or

(3) retaining:

(a) any of the items in item b.(1) above; or

(b) any other information *we* have in *our* possession as a result of *our* processing, handling, or otherwise resolving claims submitted under this policy.

c. *We* may disclose any of the items in item b.(1) above and

©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

6128AC

any of the information described in item b.(3)(b) above:

(1) to enable performance of *our* business functions;

(2) to meet *our* reporting obligations to insurance regulators;

(3) to meet *our* reporting obligations to insurance data consolidators;

(4) to meet other obligations required by law; and

(5) as otherwise permitted by law.

d. *Our* rights under a., b., and c. above shall not be impaired by any:

(1) authorization related to any claim submitted under this policy; or

(2) act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

6128AC
©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

## 6018CD COMMERCIAL VEHICLE

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

   a. *Trailer* is changed to read:

   *Trailer* means:

   1. a trailer:

      a. designed to be pulled by a *private passenger car*;

      b. not designed to carry *persons*;

      c. while not used as premises for office, store, or display purposes; and

      d. while used for pleasure; or

   2. a farm implement or farm wagon while pulled on public roads by a *car*.

   b. The following definitions are added:

   (a) *Collision* means:

      i. a vehicle hitting or being hit by another vehicle or another object; or

      ii. the overturning of a vehicle.

   (b) *Pollutants* means any solid, liquid or gaseous irritant or contaminant, toxic substance, hazardous substance, or oil in any form.

   (c) *Work* means any work or operations performed by or on behalf of an *insured* including:

      i. any materials, parts, or equipment furnished in connection with such work or operations; and

      ii. any warranties or representations made at any time with respect to the fitness, quality, durability, or performance of such work or operations of the items described in i. above.

2. **LIABILITY COVERAGE**

   a. **Additional Definition**

   Item 1.b.(1) of the definition of *insured* is deleted.

   b. **Exclusions**

   The following are added:

   (1) THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF THE OPERATION, MAINTENANCE, OR USE OF ANY EQUIPMENT THAT IS TOWED BY, MOUNTED ON, OR CARRIED ON ANY VEHICLE. This exclusion does not apply to equipment:

      (a) mounted on the vehicle and designed solely for the loading or unloading of the vehicle; or

      (b) designed for:

         i. snow removal;

         ii. street cleaning; or

         iii. road maintenance, other than construction or resurfacing.

   (2) THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF *WORK* AFTER IT IS CONSIDERED COMPLETED. *WORK* IS CONSIDERED COMPLETED:

      (a) IF IT HAS BEEN ABANDONED; OR

Page 1 of 6

6018CD

©, Copyright, State Farm Mutual Automobile Insurance Company, 2014

(b) IF IT HAS NOT BEEN ABANDONED, THEN AT THE EARLIEST OF THE FOLLOWING TIMES:

    i.  WHEN THAT PART OF THE *WORK* DONE AT A JOB SITE HAS BEEN PUT TO ITS INTENDED USE BY ANY *PERSON* OR ORGANIZATION OTHER THAN ANOTHER CONTRACTOR OR SUBCONTRACTOR WORKING ON THE SAME PROJECT;

    ii.  WHEN ALL OF THE *WORK* TO BE DONE AT THE LOCATION WHERE THE DAMAGES AROSE HAS BEEN FINISHED; OR

    iii.  WHEN ALL OF THE *WORK* CALLED FOR IN *YOUR* CONTRACT HAS BEEN FINISHED.

    *WORK* IS CONSIDERED COMPLETED REGARDLESS OF WHETHER ADDITIONAL SERVICING, MAINTENANCE, CORRECTION, REPAIR, OR REPLACEMENT IS REQUIRED.

(3) THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES RESULTING FROM:

(a) THE HANDLING OF PROPERTY BEFORE IT IS MOVED FROM THE PLACE WHERE IT IS ACCEPTED BY THE *INSURED* FOR MOVEMENT INTO OR ONTO A VEHICLE FOR WHICH THE *INSURED* IS PROVIDED LIABILITY COVERAGE BY THIS POLICY;

(b) THE HANDLING OF PROPERTY AFTER IT IS MOVED FROM THE VEHICLE DESCRIBED IN (a) ABOVE TO THE PLACE WHERE IT IS FINALLY DELIVERED BY THE *INSURED*; OR

(c) THE MOVEMENT OF PROPERTY BY MEANS OF A MECHANICAL DEVICE, OTHER THAN A HAND TRUCK, THAT IS NOT ATTACHED TO THE VEHICLE DESCRIBED IN (a) ABOVE.

(4) THERE IS NO COVERAGE FOR AN *INSURED* FOR *BODILY INJURY* OR DAMAGE TO PROPERTY CAUSED BY *POLLUTANTS* THAT:

(a) ARE TRANSPORTED BY;

(b) ARE CARRIED IN OR UPON;

(c) ARE RELEASED, DISCHARGED, OR REMOVED FROM; OR

(d) ESCAPE OR LEAK FROM

ANY VEHICLE. This exclusion does not apply if the *bodily injury* or damage to property is the direct, accidental, and instantaneous result of *pollutants* caused by a *collision* which arises out of the use of any vehicle as a vehicle for which that *insured* is provided Liability Coverage by this policy.

(5) THERE IS NO COVERAGE FOR AN *INSURED* FOR ANY CLAIM MADE OR LAWSUIT FILED BY ANY *PERSON*, ORGANIZATION, OR GOVERNMENTAL BODY AGAINST THAT *INSURED* FOR DAMAGES, RESPONSE COSTS, OR SIMILAR COSTS,

©, Copyright, State Farm Mutual Automobile Insurance Company, 2014

6018CD

OR ANY RELATED REMEDIAL ACTION THAT ARE:

(a) THE REAL OR ALLEGED RESULT OF THE EFFECTS OF *POLLUTANTS*; OR

(b) IN ANY WAY ASSOCIATED WITH THE COST OF:

i. CLEANUP;

ii. REMOVAL;

iii. CONTAINMENT; OR

iv. NEUTRALIZATION OF THE EFFECTS

OF *POLLUTANTS*.

This exclusion does not apply if such damages, costs, or remedial action is the direct, accidental, and instantaneous result of *pollutants* caused by a *collision* which arises out of the use of any vehicle as a vehicle for which that *insured* is provided Liability Coverage by this policy.

(6) THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF THE:

(a) HANDLING OR USE OF, OR

(b) EXISTENCE OF ANY CONDITION IN OR WARRANTY OF

ANY PRODUCT MANUFACTURED, SOLD, OR DISTRIBUTED BY AN *INSURED* IF THE *BODILY INJURY* OR DAMAGE TO PROPERTY OCCURS AFTER THE *INSURED* RELINQUISHES POSSESSION OF THE PRODUCT.

(7) THERE IS NO COVERAGE FOR AN *INSURED* FOR *BODILY INJURY* TO ANY *PERSON* OR DAMAGE TO ANY PROPERTY WHICH ARISES OUT OF ANY VEHICLE WHILE PARKED AND FUNCTIONING AS AN OFFICE OR BUSINESS PREMISES. This exclusion does not apply:

(a) to the loading and unloading of equipment or supplies; or

(b) if such vehicle is maintained primarily to transport persons or cargo.

3. **MEDICAL PAYMENTS COVERAGE**

a. **Additional Definitions**

Item 1.a.(4) of the definition of *insured* is deleted.

b. **Exclusions**

The following are added:

(1) THERE IS NO COVERAGE FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE OPERATION, MAINTENANCE, OR USE OF ANY EQUIPMENT THAT IS TOWED BY, MOUNTED ON, OR CARRIED ON ANY VEHICLE. This exclusion does not apply to equipment:

(a) mounted on the vehicle and designed solely for the loading or unloading of the vehicle; or

(b) designed for:

i. snow removal;

ii. street cleaning; or

iii. road maintenance, other than construction or resurfacing.

(2) THERE IS NO COVERAGE FOR AN *INSURED* FOR *BODILY INJURY* ARISING OUT OF *WORK* AFTER IT IS CONSIDERED COMPLETED. *WORK* IS CONSIDERED COMPLETED:

6018CD

©, Copyright, State Farm Mutual Automobile Insurance Company, 2014

(a) IF IT HAS BEEN ABAN-DONED; OR

(b) IF IT HAS NOT BEEN ABANDONED, THEN AT THE EARLIEST OF THE FOLLOWING TIMES:

  i. WHEN THAT PART OF THE *WORK* DONE AT A JOB SITE HAS BEEN PUT TO ITS INTENDED USE BY ANY *PERSON* OR ORGANIZATION OTHER THAN ANOTHER CON-TRACTOR OR SUBCON-TRACTOR WORKING ON THE SAME PROJECT;

  ii. WHEN ALL OF THE *WORK* TO BE DONE AT THE LOCATION WHERE THE DAMAGES AROSE HAS BEEN FINISHED; OR

  iii. WHEN ALL OF THE *WORK* CALLED FOR IN *YOUR* CONTRACT HAS BEEN FINISHED.

  *WORK* IS CONSIDERED COMPLETED REGARDLESS OF WHETHER ADDITIONAL SERVICING, MAINTENANCE, CORRECTION, REPAIR, OR REPLACEMENT IS RE-QUIRED.

(3) THERE IS NO COVERAGE FOR AN *INSURED* FOR *BODILY IN-JURY* RESULTING FROM:

(a) THE HANDLING OF PROP-ERTY BEFORE IT IS MOVED FROM THE PLACE WHERE IT IS ACCEPTED BY THE *IN-SURED* FOR MOVEMENT INTO OR ONTO A VEHICLE FOR WHICH THE *INSURED* IS PROVIDED MEDICAL PAYMENTS COVERAGE BY THIS POLICY;

(b) THE HANDLING OF PROP-ERTY AFTER IT IS MOVED FROM THE VEHICLE DE-SCRIBED IN (a) ABOVE TO THE PLACE WHERE IT IS FINALLY DELIVERED BY THE *INSURED*; OR

(c) THE MOVEMENT OF PROPERTY BY MEANS OF A MECHANICAL DEVICE, OTHER THAN A HAND TRUCK, THAT IS NOT AT-TACHED TO THE VEHICLE DESCRIBED IN (a) ABOVE.

(4) THERE IS NO COVERAGE FOR AN *INSURED* FOR *BODILY IN-JURY* CAUSED BY *POLLU-TANTS* THAT:

(a) ARE TRANSPORTED BY;

(b) ARE CARRIED IN OR UPON;

(c) ARE RELEASED, DIS-CHARGED, OR REMOVED FROM; OR

(d) ESCAPE OR LEAK FROM

ANY VEHICLE. This exclusion does not apply if the *bodily injury* is the direct, accidental, and instan-taneous result of *pollutants* caused by a *collision* which arises out of the use of any vehicle as a vehicle for which that *insured* is provided Medical Payments Coverage by this policy.

(5) THERE IS NO COVERAGE FOR AN *INSURED* FOR *BODILY IN-JURY* ARISING OUT OF THE:

(a) HANDLING OR USE OF, OR

Page 4 of 6                                            6018CD
©, Copyright, State Farm Mutual Automobile Insurance Company, 2014

(b) EXISTENCE OF ANY CON-
DITION IN OR WARRANTY
OF

ANY PRODUCT MANUFAC-
TURED, SOLD, OR DISTRIB-
UTED BY AN *INSURED* IF THE
*BODILY INJURY* OCCURS AF-
TER THE *INSURED* RELIN-
QUISHES POSSESSION OF THE
PRODUCT.

(6) THERE IS NO COVERAGE FOR
AN *INSURED* FOR *BODILY IN-
JURY* WHICH ARISES OUT OF
ANY VEHICLE WHILE PARKED
AND FUNCTIONING AS AN
OFFICE OR BUSINESS PREM-
ISES. This exclusion does not ap-
ply:

(a) to the loading and unloading of
equipment or supplies; or

(b) if such vehicle is maintained
primarily to transport persons
or cargo.

4. **PHYSICAL DAMAGE COVERAGES**

a. **Additional Definitions**

(1) *Covered Vehicle* is changed to
mean:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*; and

4. a camper that is designed to be
mounted on a pickup truck and
shown on the Declarations
Page;

including its parts and its equip-
ment that are common to the use of
the vehicle as a vehicle and its *spe-
cial equipment*. However, parts
and equipment of *trailers* and
campers must be securely fixed as a

permanent part of the *trailer* or
camper.

(2) The following is added:

*Special equipment* means:

1. parts and equipment not
common to the use of the
vehicle as a vehicle that
are:

a. securely fixed as a
permanent part of the
*covered vehicle*; or

b. designed to be:

(1) pushed by a *cov-
ered vehicle*; or

(2) towed by a *covered
vehicle* but only if a
description of the
towed equipment is
shown immediately
following the title
"Special Equip-
ment" on the Dec-
larations Page;

2. parts and accessories de-
signed to be attached to the
equipment described in 1.a.
and 1.b. above; and

3. tools that are provided by
the manufacturer and are
specifically designed to op-
erate and maintain the
equipment described in 1.a.
and 1.b. above.

b. **Limits and Loss Settlement – Com-
prehensive Coverage and Collision
Coverage**

The following are added:

(1) *You* agree with *us* that if *special
equipment* is either:

(a) not damaged, or

©, Copyright, State Farm Mutual Automobile Insurance Company, 2014

(b) damaged and *we* offer to pay the cost to repair it, subject to (2) below,

then *we* may pay the cost to remove the *special equipment* from the *covered vehicle* and install it in a replacement vehicle. If *we* choose to remove *special equipment*, then the amount of *our* payment for the *covered vehicle* will not include the dollar value of the *special equipment*.

(2) Special Equipment -- Replacement Cost

If there is a dollar amount shown on the Declarations Page for *special equipment*, then item 1. under **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** applies to determine the amount that *we* will pay for the *covered vehicle*, except to determine the amount *we* will pay for the repair or replacement of that *special equipment*. *We* have the right to choose to pay either the cost to repair or the cost to replace that *special equipment*. However, the most *we* will pay to repair or to replace *special equipment*, including removal and installation costs, is the dollar amount shown on the Declarations Page for that *special equipment*.

(a) The cost to repair will be determined by:

i. the cost agreed to by both *you* and *us*; or

ii. a bid or repair estimate approved by *us*.

The cost to repair such *special equipment* does not include any reduction in the value of the *special equipment* after it has been repaired, as compared to its value before it was damaged.

(b) The cost to replace will be determined by the replacement cost of the same or of similar *special equipment* agreed to by both *you* and *us*. If there is disagreement as to the replacement cost of the *special equipment*, then the disagreement will be resolved by appraisal upon written request of the owner or *us*, using the procedures described in 1.b.(1) under **Limits and Loss Settlement -- Comprehensive Coverage and Collision Coverage.**

If *we* choose to replace *special equipment*, then *we* will pay the actual cash value of that *special equipment* until it is replaced. If the *special equipment* is replaced, then *we* will also pay the lesser of:

i. the cost incurred to replace that *special equipment* less the amount *we* already paid for that *special equipment*; or

ii. the replacement cost agreed to by both *you* and *us* less the amount *we* already paid for that *special equipment*.

The damaged *special equipment* must be given to *us* in exchange for *our* payment, unless *we* agree that *you* or the owner may keep it. If *you* or the owner keeps the *special equipment*, then *our* payment will be reduced by the dollar value of the *special equipment* after the *loss*.

Page 6 of 6
©, Copyright, State Farm Mutual Automobile Insurance Company, 2014

6018CD

# EXHIBIT 2

## CERTIFIED COPY

**I, Debra L. Gay, Assistant Secretary of the 21st Century Insurance Company, doing business in the State of California, do hereby certify that to the best of my knowledge, information and belief, the attached copy of an Automobile Policy issued to Gilbert P Luna and Lori Luna and numbered 3897369 for the term from 07/12/18 To 01/12/19 is a true copy.**

**21st Century Insurance Company**

*Debra L Gay*

**Debra L. Gay**
**Compliance Manager**

**STATE OF DELAWARE**
**COUNTY OF NEW CASTLE**

**On this** 13th day of February 2020**, before me, a Notary Public in and for the said State, personally appeared Debra L. Gay, known to me personally to be the Compliance Manager of the 21st Century Insurance Company, and acknowledged that she signed the foregoing instrument as the voluntary act and deed of said Corporation.**

**Witness my hand and seal on the day and year first mentioned.**

**Notary Public**
**Commission Expires:** 10/20/2020

TRACY L ORBIN
NOTARY PUBLIC
State of Delaware
My Commission Expires
October 20, 2020

**29**


**21st Century insurance**

## PERSONAL AUTO POLICY DECLARATION

RENEWAL
EFFECTIVE 07/12/18
**Account:**
21ST CENTURY INSURANCE
**Customer Service Center:**
21st CENTURY INSURANCE
21ST CENTURY PLAZA
P.O. BOX 15510
WILMINGTON, DE 19850-5510

Named Insured and Mailing Address

GILBERT P LUNA
LORI  LUNA
2440 W GREENACRE AVE
ANAHEIM, CA 92801

E-mail:

Policy No: 389 73 69
Policy Period: From **07/12/18**
To: **01/12/19** 12:01 AM Standard Time

### Vehicle(s) and Driver(s)

| Veh | Year | Make/Model | Vehicle ID Number | Use | Vehicle Discounts/Comments | Zip | Mileage |
|---|---|---|---|---|---|---|---|
| 1 | 03 | DODG RAM VAN B1500  CG | 2D6WB11Y93K510584 | P | MCD\GD | 92801 | 5,111 |
| 2 | 16 | TOYT AVALON XLE XLE PLUSD | 4T1BK1EB4GU198020 | P | MCD\GD | 92801 | 9,111 |
| 3 | 65 | VOLK BEETLE | 116308221 | P | MCD\GD          ADDITIONAL VEH | 92801 | 2,000 |

| Veh | Rated Driver | Years Licensed | Tickets | Chargeable Accidents | Driver Discounts |
|---|---|---|---|---|---|
| 1 | GILBERT P LUNA | 41 | 0 | | GDD\SD5 |
| 2 | LORI  LUNA | 37 | | | GDD\SD5 |

### COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY ARE SHOWN FOR THE COVERAGE

| Coverage | Limit of Liability | | Premium Veh 1 | Premium Veh 2 | Premium Veh 3 |
|---|---|---|---|---|---|
| A. Bodily Injury Liability  includes $0.88 per vehicle fraud fee | $250,000  $500,000 | each person  each accident | $ 150.00 | $ 116.00 | $ 34.00 |
| B. Property Damage Liability | $100,000 | each accident | $ 84.00 | $ 114.00 | $ 36.00 |
| C. Medical Payments | $5,000 | each person | $ 17.00 | $ 31.00 | $ 10.00 |
| D. Uninsured Motorist Bodily Injury | $250,000  $500,000 | each person  each accident | $ 37.00 | $ 60.00 | $ 28.00 |

| DAMAGE TO YOUR VEHICLE | Veh 1 | Veh 2 | Veh 3 | | | |
|---|---|---|---|---|---|---|
| Actual Cash Value Less Deductible | Ded. | Ded. | Ded. | | | |
| E. Comprehensive | $250 | $250 | | $ 12.00 | $ 62.00 | --No Covg-- |
| F. Collision | $300 | $300 | | $ 51.00 | $ 307.00 | --No Covg-- |
| D1. Uninsured Motorist Property Damage | DED WAIVE | DED WAIVE | | $ 4.00 | $ 4.00 | --No Covg-- |
| G. 21st Century Roadside Assistance | $75 | each disablement | | Included | Included | Included |
| H. Rental Reimbursement | Per day  max | $25  $750 | $25  $750 | | $ 21.00 | $ 21.00 | $ 0.00 |
| J. Additional Equipment  The first $1000 is automatically included with coverage E or F.  Additional coverage is optional. | Included  Additional  Total | $1,000  $1,000 | $1,000  $1,000 | | $ 0.00 | $ 0.00 | $ 0.00 |
| | Total Premium Per Vehicle | | | $ 376.00 | $ 715.00 | $ 108.00 |

If the installment bill plan is used, a service charge may apply.   **Total Premium    $ 1,199.00**

Endorsement(s)/Agreement(s) Applicable:
FPN-CA (7/16)                    TCU-1 (04/14)
TCU511CA (02/18)                 TCU531CA (02/12)
AU CWF9 1011

TCE91CA (Driver Exclusion)    Excluded Driver:
DONNA SPRINGFIELD

Loss Payee (LP), Additional Insured (AI)          Drivers Not Rated
Veh 2    LP   TOYOTA MOTOR CREDIT
Veh 2    AI   TOYOTA MOTOR CREDIT CORPORATIO

06/05/18

| THE FOLLOWING FEE(S) MAY APPLY: | |
|---|---|
| LATE:   $5.00     PAYMENT RETURNED (NSF): | $10.00 |
| CANCEL: $50.00   INSTALLMENT BILL PLAN SERVICE CHARGE: | $4.00 |

*Carlo D. Kado*
Authorized Company Representative (where required)

WHEN ATTACHED TO THE PERSONAL AUTO POLICY, THESE DECLARATIONS COMPLETE THE POLICY AND REPRESENT
THE CURRENT STATUS OF YOUR COVERAGES AND LIMITS OF LIABILITY.

Visit 21st.com to make policy changes, pay your premium, and more.  Register online today! For Customer Care call 800-241-1188.



**PERSONAL AUTO**
**POLICY DECLARATION**

AMEND - POLICY CHANGE
EFFECTIVE 07/20/18
**Account:**
21ST CENTURY INSURANCE
**Customer Service Center:**
21st CENTURY INSURANCE
21ST CENTURY PLAZA
P.O. BOX 15510
WILMINGTON, DE 19850-5510

Named Insured and Mailing Address

GILBERT P LUNA
LORI LUNA
2440 W GREENACRE AVE
ANAHEIM, CA 92801

E-mail:

Policy No: 389 73 69
Policy Period: From **07/12/18**
To: **01/12/19** 12:01 AM Standard Time

## Vehicle(s) and Driver(s)

| Veh | Year | Make/Model | Vehicle ID Number | Use | Vehicle Discounts/Comments | Zip | Mileage |
|-----|------|-----------|-------------------|-----|----------------------------|-----|---------|
| 1 | 03 | DODG RAM VAN B1500   CG | 2D6WB11Y93K510584 | P | MCD\GD | 92801 | 5,111 |
| 2 | 65 | VOLK BEETLE | 116308221 | P | MCD\GD | 92801 | 2,000 |

| Veh | Rated Driver | Years Licensed | Tickets | Chargeable Accidents | Driver Discounts |
|-----|--------------|----------------|---------|----------------------|------------------|
| 3 | GILBERT P LUNA | 41 | 0 | | GDD\SD5 |
| 1 | LORI  LUNA | 37 | 0 | | GDD\SD5 |

COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY ARE SHOWN FOR THE COVERAGE

| Coverage | | Limit of Liability | | Premium Veh 1 | Premium Veh 2 |
|----------|--|--------------------|--|---------------|---------------|
| A. | Bodily Injury Liability includes $0.88 per vehicle fraud fee | $250,000 $500,000 | each person each accident | $    148.00 | $    43.00 |
| B. | Property Damage Liability | $100,000 | each accident | $     89.00 | $    37.00 |
| C. | Medical Payments | $5,000 | each person | $     18.00 | $     9.00 |
| D. | Uninsured Motorist Bodily Injury | $250,000 $500,000 | each person each accident | $     36.00 | $    21.00 |
| | **DAMAGE TO YOUR VEHICLE** | Veh 1 | Veh 2 | | |
| | **Actual Cash Value Less Deductible** | Ded. | Ded. | | |
| E. | Comprehensive | $250 | | $     12.00 | --No Covg-- |
| F. | Collision | $300 | | $     56.00 | --No Covg-- |
| D1. | Uninsured Motorist Property Damage | DED WAIVE | | $      4.00 | --No Covg-- |
| G. | 21st Century Roadside Assistance | $75 | each disablement | Included | Included |
| H. | Rental Reimbursement | Per day max | $25 $750 | $     21.00 | $     0.00 |
| J. | Additional Equipment The first $1000 is automatically included with coverage E or F. Additional coverage is optional. | Included Additional Total | $1,000 $1,000 | $      0.00 | $     0.00 |
| | | **Total Premium Per Vehicle** | | $    384.00 | $   110.00 |

If the installment bill plan is used, a service charge may apply.

| Total Premium | $    494.00 |
|---|---|

Endorsement(s)/Agreement(s) Applicable:
TCU-1 (04/14)          TCU511CA (02/18)
TCU531CA (02/12)       AU CWF9 1011

TCE91CA (Driver Exclusion)    Excluded Driver:
DONNA  SPRINGFIELD

Loss Payee (LP), Additional Insured (AI)          Drivers Not Rated

08/08/18

*Carlo D-lato*
Authorized Company Representative (where required)

THE FOLLOWING FEE(S) MAY APPLY:
LATE:   $5.00    PAYMENT RETURNED (NSF):       $10.00
CANCEL: $50.00   INSTALLMENT BILL PLAN SERVICE CHARGE: $4.00

WHEN ATTACHED TO THE PERSONAL AUTO POLICY, THESE DECLARATIONS COMPLETE THE POLICY AND REPRESENT
THE CURRENT STATUS OF YOUR COVERAGES AND LIMITS OF LIABILITY.
Visit 21st.com to make policy changes, pay your premium, and more.  Register online today! For Customer Care call 800-241-1188.



**21st Century**
insurance

**PERSONAL AUTO
POLICY DECLARATION**

AMEND - POLICY CHANGE
EFFECTIVE 10/30/18
**Account:**
21ST CENTURY INSURANCE
**Customer Service Center:**
21st CENTURY INSURANCE
21ST CENTURY PLAZA
P.O. BOX 15510
WILMINGTON, DE 19850-5510

Named Insured and Mailing Address

GILBERT P LUNA
LORI LUNA
2440 W GREENACRE AVE
ANAHEIM, CA 92801

E-mail: BABYMADI1998@AOL.COM

Policy No: 389 73 69
Policy Period: From **07/12/18**
To: **01/12/19** 12:01 AM Standard Time

### Vehicle(s) and Driver(s)

| Veh | Year | Make/Model | Vehicle ID Number | Use | Vehicle Discounts/Comments | | Zip | Mileage |
|---|---|---|---|---|---|---|---|---|
| 1 | 03 | DODG RAM VAN B1500    CG | 2D6WB11Y93K510584 | P | MCD | | 92801 | 2,500 |
| 2 | 65 | VOLK BEETLE | 116308221 | P | MCD | ADDITIONAL VEH | 92801 | 500 |
| 3 | 18 | CADI CT6 LUXURY    SD | 1G6KD5RS2JU148386 | P | MCD\ATD | | 92801 | 9,000 |

| Veh | Rated Driver | Years Licensed | Tickets | Chargeable Accidents | Driver Discounts |
|---|---|---|---|---|---|
| 1 | GILBERT P LUNA | 41 | 0 | | GDD\SD5 |
| 3 | LORI  LUNA | 37 | 0 | | GDD\SD5 |

COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY ARE SHOWN FOR THE COVERAGE

| Coverage | Limit of Liability | | Premium | | |
|---|---|---|---|---|---|
| | | | Veh 1 | Veh 2 | Veh 3 |
| A. Bodily Injury Liability | $250,000 | each person | $ 139.00 | $ 33.00 | $ 117.00 |
| includes $0.88 per vehicle fraud fee | $500,000 | each accident | | | |
| B. Property Damage Liability | $100,000 | each accident | $ 72.00 | $ 34.00 | $ 114.00 |
| C. Medical Payments | $5,000 | each person | $ 15.00 | $ 9.00 | $ 35.00 |
| Uninsured Motorist | $250,000 | each person | | | |
| D. Bodily Injury | $500,000 | each accident | $ 31.00 | $ 24.00 | $ 64.00 |
| **DAMAGE TO YOUR VEHICLE** | Veh 1 | Veh 2 | Veh 3 | | |
| **Actual Cash Value Less Deductible** | Ded. | Ded. | Ded. | | |
| E. Comprehensive | $250 | | $250 | $ 11.00 | --No Covg-- | $ 131.00 |
| F. Collision | $300 | | $300 | $ 44.00 | --No Covg-- | $ 587.00 |
| Uninsured Motorist | | | | | |
| D1. Property Damage | DED WAIVE | | DED WAIVE | $ 4.00 | --No Covg-- | $ 4.00 |
| 21st Century | | | | | |
| G. Roadside Assistance | $75 | each disablement | | Included | Included | Included |
| Rental | Per day | $25 | | $25 | $ 21.00 | $ 0.00 | $ 21.00 |
| H. Reimbursement | max | $750 | | $750 | | | |
| J. Additional Equipment | Included | $1,000 | | $1,000 | | | |
| The first $1000 is automatically | Additional | | | | | | |
| included with coverage E or F. | Total | $1,000 | | $1,000 | $ 0.00 | $ 0.00 | $ 0.00 |
| Additional coverage is optional. | | | | | | |
| | **Total Premium Per Vehicle** | | $ 337.00 | $ 100.00 | $ 1073.00 |

If the installment bill plan is used, a service charge may apply. | **Total Premium** | **$ 1,510.00**

Endorsement(s)/Agreement(s) Applicable:
TCU-1 (04/14)         TCU511CA (02/18)
TCU531CA (02/12)      AU CWF9 1011

TCE91CA (Driver Exclusion)    Excluded Driver:
DONNA SPRINGFIELD

Loss Payee (LP), Additional Insured (AI)          Drivers Not Rated

11/07/18

_Carlo DiXado_
Authorized Company Representative (where required)

THE FOLLOWING FEE(S) MAY APPLY:
LATE:     $5.00    PAYMENT RETURNED (NSF):    $10.00
CANCEL: $50.00    INSTALLMENT BILL PLAN SERVICE CHARGE: $4.00

WHEN ATTACHED TO THE PERSONAL AUTO POLICY, THESE DECLARATIONS COMPLETE THE POLICY AND REPRESENT
THE CURRENT STATUS OF YOUR COVERAGES AND LIMITS OF LIABILITY.
Visit 21st.com to make policy changes, pay your premium, and more.  Register online today! For Customer Care call 800-241-1188.



## 21st Century Insurance Company

3 Beaver Valley Road, Wilmington, DE 19803

## PERSONAL AUTOMOBILE INSURANCE

## GENERAL PROVISIONS

**AGREEMENT**

*We* will provide the insurance *you* have selected in return for the premium due *us* and compliance with the policy terms, provisions and endorsements. *Your* coverages appear on the attached declarations page which is part of *your* policy. The declarations page, in addition to telling *you* which *automobiles you* have elected to insure, tells *you* the policy period, the amount and kinds of insurance *you* have selected.

**WHERE YOUR POLICY APPLIES**

This policy applies only to *accidents* and to direct and accidental losses to an *automobile* insured by this policy which occur during the policy period, within the United States, its territories or possessions or Canada or while an *automobile* insured by this policy is being shipped between their ports. This policy also applies to *accidents* and direct accidental losses to an *automobile* insured by this policy which occur in that part of the Republic of Mexico lying not more than 100 miles from the boundary of the United States. This extension of coverage applies if *your* residence is within the United States, and if the *use* of any *automobile* insured by this policy within the Republic of Mexico, or if the length of time *you* or a *relative* are within the Republic of Mexico, does not exceed 10 consecutive days from any single entry into the Republic of Mexico.

**WHAT YOU MUST PAY**

*You* must pay the premium stated in the declarations and any additional premium required because of:

(a) the addition of any *automobiles* to *your* policy;

(b) any change in garaging territory;

(c) any change in the classification of *automobiles* insured or operators;

(d) any change in operators using *automobiles* insured including any person of legal driving age;

(e) any endorsement which changes or adds coverages.

Additional premium charges due *us* arising from acquisition of an *automobile* by *you* or *your resident child* will be charged from the date of delivery to *you* or *your resident child*.

The payment of the premium or the issuance of the policy does not create a fiduciary relationship between *you* and *us*.

*You* agree that if the information *you* have provided, and upon which *we* have relied in determination of *your* premium, is incorrect or incomplete, or if the information changes during the policy period, *we* may decrease or increase the premium during the policy period based on the corrected, completed or changed information.

*You* agree that if the premium is decreased or increased during the policy period, *we* will refund or credit to *you* any decrease in premium and *you* will pay for any increase in premium.

**YOUR DUTIES**

In the event of an *accident* or loss:

(a) *we* must be notified promptly of time, place and circumstances surrounding the *accident* or loss, including the names and addresses of persons involved, injured persons and witnesses;

(b) any person insured must, at *our* request, provide statements under oath, as often as *we* reasonably require, completely describing all facts and circumstances surrounding the *accident* or loss, including facts which may assist *us* in deciding whether the policy will provide coverage for the *accident* or loss;

(c) any person insured must, at *our* request, provide to *us* any papers, photographs or documents related to the loss or *accident* or related to any issue regarding the applicability of this policy to the loss or *accident*;

(d) if claim or suit is brought against any insured, any legal papers received by any insured relating to such claim or suit must be sent to *us* promptly;

(e) any person insured must, at *our* request, make available for *our* inspection any motor vehicle, object or premises involved.

*California law requires the following statement:* WARNING -- Unless you have automobile insurance written by a Mexican insurance company, you may spend many hours or days in jail, if you have an accident in Mexico. Insurance coverage should be secured from a company licensed under the laws of Mexico to write such insurance in order to avoid complications and some other penalties possible under the law of Mexico, including the possible impoundment of your automobile.

TCU-1  (04/14)

**Utility Automobile** -- means an **automobile** with 4 or more wheels and a rated load capacity of 2,000 pounds or less of the pickup, van or panel truck type. (Parts I, II and IV).

**Utility Trailer** -- means a trailer designed for **use** with a private passenger **automobile** or **utility automobile** if not being **used** for **business** purposes with other than a private passenger or **utility automobile**. (Parts I, II, III and IV).

**We, Us, Our** or **Company** -- means the 21st Century Insurance Company. (Parts I, II, III and IV).

**You, Your** -- means the insured named in the declarations and, if the insured named is one person, the spouse if a **resident** of the same household. (Parts I, II and IV).

**OTHER DEFINITIONS MAY DIFFER IN VARIOUS PARTS OF THE POLICY AND THEY ARE DEFINED SEPARATELY IN THE PART TO WHICH THEY APPLY.**

# PART I - LIABILITY

**COVERAGE A -- BODILY INJURY**
**COVERAGE B -- PROPERTY DAMAGE**

**OUR PROMISE TO YOU - PART I**
**We** will pay damages for which any insured is legally liable because of **bodily injury** and/or **property damage** caused by **accident** and arising out of the ownership, maintenance or **use** of an **automobile** or **utility trailer** insured under this part.

**We** will defend, through attorneys selected by **us,** any suit claiming damages for **bodily injury** and/or **property damage** if covered by **your** policy, even if the allegations of the lawsuit are groundless, false or fraudulent. **We** may make settlement of any claim or lawsuit as **we** think appropriate.

**ADDITIONAL PAYMENTS -- PART I**
In addition to the limits of liability, **we** will pay:
(a) expenses incurred by **us** and costs taxed against any insured in any suit **we** defend;
(b) interest on damages awarded in any suit defended by **us** and covered under this part after judgment has been entered and before **we** have paid, offered to pay or deposited in court that portion of a judgment which is not more than **our** limit of liability, unless otherwise required by law;
(c) all reasonable expenses any insured incurs at **our** request;
(d) loss of wages or salary up to a maximum of $300 per day if **we** ask **you** to attend the arbitration or trial of a civil suit;
(e) expenses any insured incurs for first aid to others at the time of an **accident** involving an **automobile** insured under this part;
(f) premiums on:
(1) appeal bonds required in any lawsuit against any insured, defended by **us**, but the face amount of these bonds may not exceed the limits of liability as stated in the declarations;
(2) bonds to release attachments for an amount not in excess of the limits of liability;
(3) bail bonds required because of an **accident** or traffic violation arising out of the **use** of an **automobile** insured under this part, not to exceed $350 per bail bond.

**Our** obligation is only to pay for, not apply for or furnish any such bonds.

**PERSONS INSURED -- PART I**
(a) In the **use** of an **insured automobile**, the following are insureds:
(1) **you**;
(2) a **relative**;
(3) any person **using your insured automobile** with **your** permission.

(b) In the **use** of an **additional insured automobile**, the following are insureds if **you** are one person or husband and wife:
(1) **you**;
(2) a **relative**;

**AUTOMOBILES INSURED -- PART I**
(a) **Insured Automobile**, as defined in this part.
(b) **Additional Insured Automobile**, as defined in this part.

**DEFINITIONS -- PART I**

**Additional Insured Automobile** -- means an **automobile** not **owned** nor available for regular **use** by **you**, a **relative** or a **resident** of the same household in which **you reside**, **used** with the permission of the owner.

**Insured Automobile** -- means:
(a) an **automobile** described in the declarations and includes a **utility trailer owned** by **you**;
(b) an **automobile** or **utility trailer** not **owned** by **you** while temporarily **used**, with the permission of the owner, as a substitute for any **automobile** insured under this part which is **owned** by **you** when withdrawn from normal **use** for servicing or repairs or because of its breakdown, loss or destruction;
(c) an **automobile**, ownership of which is acquired by **you**, provided:
(1) the acquired **automobile** has replaced an **insured automobile** and **you** have transferred title and possession of the replaced **automobile** and have notified **us** within 30 days; or
(2) **we** insure all **automobiles** then **owned** by **you**, and **you** notify **us** within 30 days after **you** take delivery requesting **us** to provide insurance;

(d) an **automobile**, ownership of which is acquired solely by **your resident child**, who is not specifically excluded by name on an endorsement to the policy, provided:
(1) the acquired **automobile** has replaced an **insured automobile** and **your resident child** has transferred title and possession of the replaced **automobile** and **you** and **your resident child** have notified **us** within 30 days; or
(2) **we** insure all **automobiles** then **owned** by **your resident child**, and **you** or **your resident child** notify **us** within 30 days after **your resident child** takes delivery requesting **us** to provide insurance.

**Property Damage** -- means injury to or destruction of tangible property including its loss of use.

**WHAT IS NOT COVERED -- EXCLUSIONS -- PART I**
Under Part I, this policy does not apply to liability for, nor will **we** provide or pay for a defense of a lawsuit for:

# PART II -- MEDICAL PAYMENTS

## COVERAGE C -- MEDICAL PAYMENTS

### OUR PROMISE TO YOU -- PART II

*We* will pay reasonable expenses incurred within one year from the date of *accident* by or on behalf of a person insured for necessary medical and funeral services because of *bodily injury* caused by an *automobile accident* and sustained by a person insured under this part.

### PERSONS INSURED -- PART II

(a) *you*, while *occupying* any *automobile* insured under this part; or while not *occupying* an *automobile*, when struck by an *automobile*;

(b) a *relative*, while *occupying* an *automobile* insured under this part; or while not *occupying* an *automobile*, when struck by an *automobile*;

(c) any other person *occupying* an *insured automobile* while the *automobile* is *used* by *you*, a *relative*, or with *your* permission;

(d) any other person *occupying* an *additional insured automobile* while the *automobile* is *used* by *you* or a *relative*.

### AUTOMOBILES INSURED -- PART II

(a) *Insured Automobile*, as defined in this part.

(b) *Additional Insured Automobile*, as defined in this part.

### DEFINITIONS -- PART II

*Additional Insured Automobile* -- means an *automobile* not *owned* nor available for regular *use* by *you*, a *relative* or a *resident* of the same household in which *you reside*, *used* with the permission of the owner.

*Insured Automobile* -- means:

(a) an *automobile* described in the declarations and includes any *utility trailer owned* by *you*;

(b) an *automobile* not *owned* by *you* while temporarily *used*, with the permission of the owner, as a substitute for any *automobile* insured under this part which is *owned* by *you* when withdrawn from normal *use* for servicing or repairs or because of its breakdown, loss or destruction;

(c) an *automobile*, ownership of which is acquired by *you*, provided:

    (1) the acquired *automobile* has replaced an *insured automobile* and *you* have transferred title and possession of the replaced *automobile* and have notified *us* within 30 days; or

    (2) *we* insure all *automobiles* then *owned* by *you*, and *you* notify *us* within 30 days after *you* take delivery requesting *us* to provide insurance;

(d) an *automobile*, ownership of which is acquired solely by *your resident child*, who is not specifically excluded by name on an endorsement to the policy, provided:

    (1) the acquired *automobile* has replaced an *insured automobile* and *your resident child* has transferred title and possession of the replaced *automobile* and *you* or *your resident child* have notified *us* within 30 days; or

    (2) *we* insure all *automobiles* then *owned* by *your resident child*, and *you* or *your resident child* notify *us* within 30 days after *your resident child* takes delivery requesting *us* to provide insurance.

*Occupying* -- means in or upon, entering into or alighting from.

### WHAT IS NOT COVERED -- EXCLUSIONS -- PART II

Under Part II, this policy does not apply to medical or funeral expenses because of *bodily injury*:

(a) sustained while *occupying* any motor vehicle with less than 4 wheels;

(b) sustained while *occupying* any *insured automobile* or vehicle while located for *use* as a residence or premises;

(c) sustained by any person while *occupying* an *automobile* while *used* to carry persons for a charge, but this exclusion does not apply to *you* or a *relative* while *occupying* an *additional insured automobile* as a passenger or to shared-expense car pools;

(d) sustained by any person other than *you* or a *relative* resulting from the *use* of an *additional insured automobile* in the *automobile business*;

(e) sustained while struck by any *automobile* which is *owned* by, available or furnished for regular *use* by you or a *relative* unless the *automobile* is insured under this part;

(f) if benefits therefor are, in whole or in part, either payable or required to be provided under any workers' compensation or similar law;

(g) sustained while *occupying* any *automobile* operated in any race or speed contest;

(h) when expenses are paid for or required to be paid for or will benefit the United States of America, any state or political subdivision thereof;

(i) due to war, civil war, insurrection, rebellion, revolution, nuclear reaction or any consequence of any of these;

(j) to the owner of an *additional insured automobile*;

(k) sustained while *occupying* any *automobile* without the permission or consent or without reasonable belief of permission or consent of the owner.

### LIMITS OF LIABILITY -- PART II

Regardless of the number of vehicles described in the declarations, number of persons insured, number of claims, number of policies or number of vehicles involved in the *accident*, *we* will pay no more than the limit of liability shown for this coverage in the declarations for each person injured in any one *accident*.

Any payment for medical or funeral expenses *we* make to or on behalf of a person because any other part of this policy is extended to comply with the laws of any other state, shall be applied to reduce any amount *we* owe that person under this part.

There shall be no duplication of payments between Part I of policy and this part. All payments under this part to or on behalf of any person shall be considered as an advance payment to that person. Amounts payable under Part I to that person will be reduced by that amount.

### OTHER INSURANCE -- PART II

Insurance afforded a person insured under this part shall be excess over other collectible *automobile* medical payments insurance while the person insured is *occupying* any *automobile* not described in the declarations page of this policy.

*Insured Motor Vehicle* -- means an *insured automobile* or *additional insured automobile*.

*Motor Vehicle* -- means any vehicle designed for *use* principally upon streets and highways and subject to motor vehicle registration under the laws of this state.

*Occupying, Occupied* -- means in or upon, entering into or alighting from.

*Person(s)* -- means a human being.

*Uninsured Motor Vehicle* -- means:
(a) a *motor vehicle* with respect to the ownership, maintenance or *use* of which there is no *bodily injury* liability insurance or bond applicable at the time of the *accident*, or where the company writing such insurance or bond denies coverage thereunder or refuses to admit coverage thereunder except conditionally or with reservation or is unable to make payment on behalf of its insured because of insolvency, occurring within one year of the *accident*.
(b) a *hit and run motor vehicle* as defined.
(c) an *underinsured motor vehicle* as defined.

*Underinsured Motor Vehicle* -- means a *motor vehicle* insured by a liability bond or policy at the time of the *accident* which provides *bodily injury* liability limits less than the limit of liability for *your* uninsured motorist coverage as stated in the declarations.

*You, Your* -- means the insured named in the declarations and that *person's* spouse and, if deceased, the heirs.

## WHAT IS NOT COVERED -- EXCLUSIONS -- BODILY INJURY PROTECTION

Under Coverage D, this policy does not apply:
(a) unless within one year from the date of the *accident* wherein *bodily injury* is sustained agreement as to the amount due under this part has been concluded or the *person* insured under this part or the legal representative of said *person* insured has formally instituted arbitration proceedings by notifying *us* in writing by certified mail, return receipt requested, or has commenced action for *bodily injury* in a court of competent jurisdiction against the uninsured motorist. This exclusion does not apply to any loss involving an *underinsured motor vehicle*;
(b) to damages because of *bodily injury* if, without *our* written consent, there is a settlement with or judgment against any *person* or organization who may be liable for such damages. This exclusion does not apply to any loss involving an *underinsured motor vehicle*;
(c) to damages because of *bodily injury* to a *person* insured *occupying* a *motor vehicle owned* by any *person* insured unless the *occupied* vehicle is an *insured motor vehicle*;
(d) to damages because of *bodily injury* caused by a *motor vehicle owned* or operated by the named insured or any *resident* of the named insured's household, but this exclusion does not apply where the *insured automobile* is being operated, or caused to be operated, by a *person* without the injured insured's consent in connection with criminal activity, in which the *person* insured was not a party, that has been documented in a police report;
(e) to damages because of *bodily injury* sustained while *occupying* any *insured motor vehicle* or while *occupying* any *additional insured automobile*

operated by *you* while such *vehicle* is *used* as a public or livery conveyance, but this exclusion does not apply to shared-expense car pools;
(f) to damages because of *bodily injury* caused by a *motor vehicle* which is self-insured within the meaning of the financial responsibility law of the state in which it is registered;
(g) to damages because of *bodily injury* caused by a *motor vehicle* which is owned by the United States of America, Canada, a state or political subdivision of any such government or an agency of any of the foregoing;
(h) to damages because of *bodily injury* caused by a land *motor vehicle* or trailer while located for *use* as a residence or premises and not as a vehicle;
(i) to damages because of *bodily injury* caused by any equipment or vehicle designed or modified for *use* primarily off public roads, except while actually upon public roads;
(j) to damages because of *bodily injury* to any *person* insured while *occupying* any *additional insured automobile* if the owner thereof has similar uninsured motor vehicle insurance or similar underinsured motor vehicle insurance. Similar insurance means uninsured motor vehicle insurance or underinsured motor vehicle insurance with limits equal to or greater than those limits of this policy;
(k) so as to benefit:
(1) any workers' compensation or disability benefits carrier; or
(2) any *person* or organization qualifying as a self-insurer under any workers' compensation or disability law; or
(3) the United States of America or any state or any political subdivision thereof;
(l) to damages because of *bodily injury* caused by a *motor vehicle* furnished for regular *use* by *you* or any *relative*;
(m) to punitive damages claimed against an owner or operator of an *uninsured motor vehicle*.

## LIMITS OF LIABILITY -- BODILY INJURY PROTECTION

(a) The limit for each *person* as stated in the declarations, reduced by all amounts identified under any applicable provisions for reduction of payments, is the maximum *we* will pay for *bodily injury* sustained by one *person* and by other *persons* as a result of that *bodily injury* in any one *accident*, including damages for care, loss of consortium and loss of services resulting from said *bodily injury* by that *person* or any other *person*.
(b) Subject to the limit for each *person*, the limit for each *accident* as stated in the declarations under Coverage D, Uninsured Motorist, reduced by all amounts identified under any applicable provisions for reduction of payments, is the maximum *we* will pay for *bodily injury* sustained by two or more *persons* in any one occurrence.
(c) The limits for Underinsured Motorist Coverage will be reduced by all amounts paid by or on behalf of the owner or operator of the *underinsured motor vehicle*, or any other *person* or organization that may be legally liable.
(d) Any amounts payable to or for a *person* insured shall be reduced by the amount paid to any *person* or organization and the present value of all amounts payable to such *person* insured under any workers' compensation law, exclusive of non-occupational disability benefits.
(e) The damages which a *person* insured is entitled to recover from the owner or operator of an *uninsured*

responsibility law of the state in which it is registered;

(d) to *property damage* caused by a *motor vehicle* which is *owned* by the United States of America, Canada, a state or political subdivision of any such government or any agency of any of the foregoing;

(e) to *property damage* caused by a land *motor vehicle* or trailer operated on rails or crawler-treads or while located for *use* as a residence or premises and not as a vehicle;

(f) to *property damage* caused by a farm type tractor or equipment designed for *use* principally off public roads except while actually upon public roads;

(g) to *property damage* caused by a *motor vehicle* identified only by license number unless the insured, or someone on their behalf has reported the *accident* to *us* within 10 business days;

(h) to *property damage* in excess of the deductible amount shown on the declarations page, if coverage is provided under Part IV of this policy;

(i) to punitive damages claimed against the owner or operator of an *uninsured motor* **vehicle**.

## LIMITS OF LIABILITY -- UNINSURED MOTORIST PROPERTY DAMAGE PROTECTION

If Uninsured Motorist Property Damage applies and is shown on the declarations page, the limit of liability for *property damage* to the *automobile* insured is the amount of damages the *person* insured is legally entitled to recover from the owner or operator of an *uninsured motor vehicle*, not to exceed the limit of liability shown for the Uninsured Motorist Property Damage Coverage.

## OTHER INSURANCE -- PART III

(a) If *you* have other valid and collectible uninsured motorist insurance or underinsured motor insurance that applies to an *insured automobile* newly acquired by *you*, this part does not apply.

(b) Subject to paragraph (a) immediately above and also subject to exclusion (j) under Coverage D, if a *person* insured has other valid and collectible uninsured motorist insurance or underinsured motorist insurance that applies to an *additional insured motor vehicle* or to an *insured automobile*, other than an *automobile* described in the declarations, then this policy is excess to any such other valid and collectible insurance and only to the extent that the limits of this policy are greater than the limits of coverage on such other valid and collectible insurance.

(c) Subject to paragraphs (a) and (b) immediately above and also subject to exclusion (j) under Coverage D, if a *person* insured has insurance available to the insured under more than one uninsured motorist coverage or underinsured motorist coverage provision, any damages shall not be deemed to exceed the higher of the applicable limits of the respective coverages, and the damages shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits.

## ARBITRATION -- PART III

If *we* and a *person* insured do not agree as to whether he or she is legally entitled to recover damages from an Uninsured Motorist or the amount of such damages, then upon written demand of either, the disagreement shall be submitted to a single neutral Arbitrator for decision, in accordance with the law of California. All other issues between *us* and any *person* insured, including the existence or limits of coverage, may not be decided by the Arbitrator, but must be decided by a Court of competent jurisdiction.

The decision of the Arbitrator in writing, up to the limits of *our* coverage, may be entered as a judgment in a proper Court. The Arbitrator shall have no jurisdiction to make an award in excess of the limits of *our* coverage nor to give an advisory opinion or award in excess of the limits of *our* coverage. The Arbitrator's fees shall be divided equally between the parties, and all other costs, including attorney fees shall be paid by the party incurring them.

## NOTICE OF LEGAL ACTION -- PART III

If, before *we* make payment of loss under this part, any insured shall institute any legal action for *bodily injury* or *property damage* against any *person* or organization legally responsible therefor, a copy of the summons and complaint or other process served in connection with such action shall be forwarded immediately to *us* by any insured or the legal representative of a *person* insured.

## SUBROGATION -- PART III

When *we* pay, any rights of recovery from anyone become *ours* up to the amount *we* have paid. Any insured must protect these rights and help *us* enforce them.

## SUITS AGAINST US -- PART III

Suit may not be brought against *us* unless there has been compliance with all terms of this policy.

# PART IV — DAMAGE TO YOUR CAR

**COVERAGE E -- COMPREHENSIVE**
**COVERAGE F -- COLLISION**
**COVERAGE G -- TOWING AND LABOR COST**
**COVERAGE H -- RENTAL REIMBURSEMENT**
**COVERAGE I -- NEW AUTOMOBILE REPLACEMENT COST COVERAGE**
**COVERAGE J -- ADDITIONAL EQUIPMENT**

## OUR PROMISE TO YOU -- PART IV

*We* will pay for *loss* to an *automobile* insured under this part and its *equipment* for the coverage specified in the declarations. The payment for each *loss* will be reduced by the applicable deductible.

*We* will pay, subject to the limits specified in the declarations, for *loss* to any *additional equipment* which would be payable under either the *Collision* or *Comprehensive* coverage, provided *you* purchased the optional Additional Equipment Coverage.

## TOWING AND LABOR COST -- PART IV

*We* will pay for reasonable and necessary towing and labor costs incurred because of disablement of an *insured automobile*. The labor must be performed at the place of disablement. The total limit of *our* liability for each *loss* is stated on the declarations page.

## RENTAL REIMBURSEMENT -- PART IV

*We* will reimburse *you* up to the amount stated on the declarations page when *you* rent an *automobile* from a public automobile rental agency or garage due to a *loss* to an *insured automobile* which would be payable under either

*equipment* as the *insured automobile*. *We* reserve the right to determine what is equivalent.

*Insured Automobile* -- means:
(a) an *automobile* or *utility trailer* described in the declarations;
(b) an *automobile* or *utility trailer* not *owned* by *you* while temporarily *used*, with the permission of the owner, as a substitute for an *automobile* or *utility trailer* insured under this part which is *owned* by *you* when withdrawn from normal *use* for servicing or repairs or because of its breakdown, *loss* or destruction;
(c) an *automobile*, ownership of which is acquired by *you*, provided:
  (1) the acquired *automobile* has replaced an insured *automobile* and *you* have transferred title and possession of the replaced *automobile* and have notified *us* within 30 days; or
  (2) *we* insure all *automobiles* then *owned* by *you*, and *you* notify *us* within 30 days after *you* take delivery requesting *us* to provide insurance;
(d) an *automobile*, ownership of which is acquired solely by *your resident child*, who is not specifically excluded by name on an endorsement to the policy, provided:
  (1) the acquired *automobile* has replaced an *insured automobile* and *your resident child* has transferred title and possession of the replaced *automobile* and *you* or *your resident child* have notified *us* within 30 days; or
  (2) *we* insure all *automobiles* then *owned* by *your resident child*, and *you* or *your resident child* notify *us* within 30 days after *your resident child* takes delivery requesting *us* to provide insurance.

*Loss* -- means direct and accidental damage or theft.

*Replacement cost* -- means the cost to purchase the *insured automobile*:
(a) when available in a local market, an *automobile* of the same year, make, model, body type and *equipment* as the *insured automobile*; or
(b) when not available in the local market, an *automobile* equivalent to the *insured automobile*.

*Total loss* -- means an *automobile* where the cost to repair exceeds the actual cash value of the *automobile*. *We* reserve the right to determine when an *automobile* is a *total loss*.

## WHAT IS NOT COVERED -- EXCLUSIONS -- PART IV
Under Part IV, this policy does not apply to *loss* or damage directly or indirectly:
(a) to any *automobile* or *utility trailer* while *used* to carry persons for a charge, but this exclusion does not apply to shared-expense car pools;
(b) to any *automobile* or *utility trailer* while rented or leased to others;
(c) to an *additional insured automobile* while *used* in the *automobile business* or, if a *utility trailer*, while *used* in any *business* of a person insured;
(d) due and confined to wear and tear, deterioration or depreciation, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered under this part;
(e) due to a lack of lubricant, coolant, or *loss* resulting from seepage of water;

(f) to tires, unless caused by fire, malicious mischief, vandalism, theft, or unless the damage occurs at the same time and from the same cause as other damage covered under this part;
(g) to any *automobile* while operated in any race or speed contest;
(h) due to confiscation by government or civil authority or repossession by such authority or by any person or entity acting on behalf of the *automobile's* true owners;
(i) due to radioactive contamination;
(j) due to war, civil war, insurrection, rebellion, revolution, nuclear reaction or any consequence of any of these;
(k) any tapes, compact discs or similar items *used* with video, electronic sound reproducing or transceiving *equipment*;
(l) to a *camper body* or van conversion either permanently installed or detachable unless *we* are requested and agree to provide insurance prior to *loss*.
(m) under New Automobile Replacement Cost Coverage, to any of the following:
  (1) an *additional insured automobile*;
  (2) a leased or rented *automobile* unless the *automobile* is described in the declarations or is an *insured automobile* as defined in Definitions--Part IV, subsection (c) or (d);
  (3) a *utility trailer* or motor home;
  (4) a *camper body* or van conversion, either permanently installed or detachable;
  (5) *loss* from theft, larceny, malicious mischief, vandalism or fire;
  (6) *insured automobile* as defined in Definitions -- Part IV, subsection (b).
(n) to any *additional equipment* in excess of $1000 unless *you* purchased Coverage J, Additional Equipment.
(o) due to conversion, embezzlement or secretion by any person who has the *automobile* insured due to any lien, rental, lease, consignment or sales agreement.
(p) caused by any accidental or intentional discharge, dispersal or release of pathogenic or poisonous biological material.
(q) caused by any intentional discharge, dispersal or release of chemical or hazardous material for any purpose other than its safe and useful purpose. However, this exclusion does not apply to any physical damage resulting from a single act of vandalism by an individual person or persons that is directed solely at *your insured automobile* or an *additional insured automobile*.

## LIMITS OF LIABILITY -- PART IV
(a) If the *loss* involves the *insured automobile* described in the declarations, *we* will pay the actual cash value of damaged or stolen property, or the amount necessary to repair or replace the property, whichever is less. Any payment will not include any claimed diminution in the value of the *insured automobile*.
(b) If the *loss* involves an *insured automobile* not described in the declarations or an *additional insured automobile*, *we* will pay the lesser of the actual cash value of damaged or stolen property or the amount necessary to repair or replace the property. Any payment will not include any claimed diminution in the value of the *automobile* insured.
(c) If any parts for any *automobile* insured under this part are not obtainable in the United States of America, *our* liability for such parts shall not exceed the list price if

**Farmers Privacy Notice**

*In the course of our business relationship with you, we collect information about you that is necessary to provide you with our products and services. We treat this information as confidential and recognize the importance of protecting it. We value your confidence in us.*

You trust us with an important part of your financial life. We are proud of our privacy policies and procedures and encourage you to review them carefully. This notice is applicable to those personal insurance policies written through 21st Century Insurance, part of the Farmers Insurance Group of Companies® listed on the back of this notice and describes our privacy practices regarding information about our customers and former customers that obtain financial products or services from us for personal, family or household purposes.

*When state law is more protective of individuals than federal privacy law, we will protect information in accordance with state law consistent with the requirements of federal preemption.*

**Information we collect**

We collect and maintain information about you to provide you with the coverage, product or service you request and to service your account.

We collect certain information ("nonpublic personal information") about you and the members of your household ("you"), as permitted by law, from the following sources:

- Information we receive from you on applications or other forms, such as your social security number, assets, income and property information;
- Information about your transactions with us, our affiliates or others, such as your policy coverage, premiums and payment history;
- Information we receive from a consumer reporting agency or insurance support organization, such as motor vehicle records, credit report information and claims history;
- Information from your visits to farmers.com, 21st.com or other websites we operate, use of our mobile sites and application, use of our social media sites, and your interaction with our online advertisements; and
- If you obtain a life, long-term care or disability product, information we receive from you, medical professionals who have provided care to you and insurance support organizations regarding your health.

**How we protect your information**

At Farmers, our customers are our most valued assets. Protecting your privacy is important to us. We restrict access to personal information about you to those individuals, such as our employees and agents, who provide you with our products and services. We require those individuals to whom we permit access to your customer information to protect it and keep it confidential. We maintain physical, electronic, and procedural safeguards that comply with applicable regulatory standards to guard your nonpublic personal information.

We do not disclose any nonpublic personal information about you, as our customer or former customer, except as described in this notice.

**Information we disclose**

We may disclose the nonpublic personal information we collect about you, as described above, to companies that perform marketing services on our behalf or to other financial institutions with which we have joint marketing agreements and to other third parties, all as permitted by law.

Many employers, benefit plans, plan sponsors and affinity groups restrict the information that can be shared about their employees or members by companies that provide them with products or services. If you have a relationship with Farmers or one of its affiliates as a result of products or services provided through an employer, benefit plan or plan sponsor, we will abide by the privacy restrictions imposed by that organization.



We are permitted to disclose personal health information (1) to process your transaction with us, for instance, to determine eligibility for coverage, to process claims or to prevent fraud; (2) with your written authorization, and (3) otherwise as permitted by law.

**Signed:**

21st Century Casualty Company, 21st Century Insurance Company (d/b/a 21st Century Ins. Co of California (in Florida)), 21st Century Advantage Insurance Company, 21st Century Centennial Insurance Company, 21st Century Indemnity Insurance Company, 21st Century Pacific Insurance Company,  21st Century Preferred Insurance Company, 21st Century Premier Insurance Company, Farmers Insurance Hawaii, Inc., 21st Century North America Insurance Company, 21st Century Assurance Company, 21st Century Pinnacle Insurance Company, 21st Century National Insurance Company, 21st Century Security Insurance Company.

The above is a list of the affiliates on whose behalf this privacy notice is being provided. It is not a comprehensive list of all affiliates of the Farmers Insurance Group of Companies®.



# ENDORSEMENT

## THIS ENDORSEMENT CHANGES THE POLICY; PLEASE READ IT CAREFULLY.

*Your* insurance coverage with the **Company** is amended as follows:

1. The section titled **WHERE YOUR POLICY APPLIES** on page 1 of *your* insurance policy has changed by the addition of the following: The policy period will begin and end at 12:01 A.M. local time at the address listed in *your* declarations page.

2. The following provision is added to **GENERAL PROVISIONS** on page 2 of *your* insurance policy:

   **PERSONAL VEHICLE SHARING AND PERSONAL VEHICLE SHARING PROGRAM** Any and all coverage afforded under this policy is excluded in its entirety while a *your insured automobile* is being *used* by any person, including *you*, as part of a *Personal Vehicle Sharing Program* or in a personal vehicle sharing program called by any other name.

   *Your insured automobile* that was afforded coverage under this policy prior to its *use* in *Personal Vehicle Sharing* or in a *Personal Vehicle Sharing Program* shall have its coverage reapplied when both of the following occur:
   1. *Your insured automobile* is returned to a location designated by the *Personal Vehicle Sharing Program*; and
   2. The earliest of one of the following occurs:
      a. The expiration of the time period established for the particular *use* of *your insured automobile* in the *Personal Vehicle Sharing Program*:
      b. The intent to terminate the *Personal Vehicle Sharing use* is verifiably communicated to the *Personal Vehicle Sharing Program*.
      c. *You* take possession and control of *your insured automobile.*

3. The following provision is added to **GENERAL PROVISIONS** on page 2 of *your* insurance policy: **CAR SHARING**

   *You* must disclose in writing to *us your* participation as either a driver or *automobile* owner, in any *Personal Vehicle Sharing Program*, *Commercial Ride-Sharing Program*, or other similar arrangement. Failure to do so may result in the rescission, cancellation or nonrenewal of *your* insurance policy. This duty does not apply to a share-the-expense car pool.

4. The following provision is added to **GENERAL PROVISIONS** on page 2 of *your* insurance policy: **Automatic Termination**
   1. If *we* offer to renew or continue *your* policy and *you* do not accept by making timely payment of the premium due, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that *you* have not accepted *our* offer.
   2. If *you* obtain other insurance on any of the *automobiles* on *your* policy, any similar insurance provided by this policy will terminate as to that *automobile* on the effective date of the other insurance.
   3. If a person other than *you* or a *relative* becomes the owner of any *automobile* on *your* policy, coverage for that *automobile* will automatically terminate at the time possession is conveyed to the new owner.

5. The definition of "*Automobile(s)*" on page 2 of *your* insurance policy has changed to: "means a 4 wheel land motor vehicle, whether operable or inoperable, designed for *use* principally upon public highways as a private passenger, station wagon, pickup or sport utility vehicle and includes a *utility automobile* or a motor home with 4 or more wheels. A *Box Truck* is not an *Automobile*. (Parts I, II, III, and IV)".

6. The following definition of "*Box Truck*" is added to page 2 of *your* insurance policy: *Box Truck* – means a vehicle with a separate, box-like cargo area. (Parts I, II, III, and IV).

7. The following definition of "*Commercial Ride-Sharing Program*" is added to page 2 of *your* insurance policy: *Commercial Ride-Sharing Program* means an arrangement or activity through which persons or property are transported for compensation, regardless of the amount or form of compensation charged or paid and includes the time:

17. The following is added to **PERSONS INSURED - - PART II**, on page 5 of *your* insurance policy: (e) **PERSONS INSURED** does not include any person while operating any *automobile*, *utility automobile* or *utility trailer* that is available for hire or while *using* an *automobile*, *utility automobile* or *utility trailer* that is part of a *Personal Vehicle Sharing Program* or *Commercial Ride-Sharing Program* or a similar arrangement.

18. **DEFINITIONS - - PART II**, *Insured Automobile*, on page 5 of *your* insurance policy is revised as follows: (e) *Insured Automobile* does not include any *automobile*, *utility automobile* or *utility trailer* while being *used* by any person, including *you*, pursuant to a *Personal Vehicle Sharing Program*, or *Commercial Ride-Sharing Program* or a similar arrangement or is otherwise under the control of a *Personal Vehicle Sharing Program* or *Commercial Ride-Sharing Program* or a similar arrangement.

19. The following is added to **WHAT IS NOT COVERED - - EXCLUSIONS - - PART II** on page 5 of *your* insurance policy: (l) sustained while *your insured automobile* or any *automobile* is in a *Personal Vehicle Sharing Program*, a *Commercial Ride-Sharing Program* or a similar arrangement. This exclusion does not apply to a share-the-expense car pool.

20. The following is added to **PART II - - MEDICAL PAYMENTS** on page 5 of *your* insurance policy: **REIMBURSEMENT TO US -- PART II**

    If *we* make any payment under this Part and the person insured to or for whom the payment is made recovers damages from another person or organization, the person insured shall:

    1. hold in trust for *us* the proceeds of the recovery; and

    2. reimburse *us* to the extent of *our* payment is authorized under California law.

21. The following is added to **PERSONS INSURED - - BODILY INJURY PROTECTION**, on page 6 of *your* insurance policy: (d) **PERSONS INSURED** does not include any person while operating any *automobile*, *utility automobile* or *utility trailer* that is available for hire or while *using* an *automobile*, *utility automobile* or *utility trailer* that is part of a *Personal Vehicle Sharing Program* or *Commercial Ride-Sharing Program* or a similar arrangement.

22. **DEFINITIONS - - BODILY INJURY PROTECTION**, *Insured Automobile*, on page 6 of *your* insurance policy is revised as follows: (e) *Insured Automobile* does not include any *automobile*, *utility automobile* or *utility trailer* while being *used* by any person, including *you*, pursuant to a *Personal Vehicle Sharing Program*, or *Commercial Ride-Sharing Program* or similar arrangement or is otherwise under the control of a *Personal Vehicle Sharing Program* or *Commercial Ride-Sharing Program* or similar arrangement.

23. The definition of "*You, Your*" on page 7 of *your* insurance policy has changed to: "means the insured named in the declarations and that *person's* spouse or domestic partner, as defined in California Family Code §297 and, if deceased, the heirs."

24. The following is added to **WHAT IS NOT COVERED - - EXCLUSIONS - - BODILY INJURY PROTECTION** on page 7 of *your* insurance policy: (n) *bodily injury* for any *accident* that occurs while *your insured automobile* or any *automobile* is in a *Personal Vehicle Sharing Program*, a *Commercial Ride-Sharing Program* or a similar arrangement. This exclusion does not apply to a share-the-expense car pool.

25. The following is added to **PERSONS INSURED - UNINSURED MOTORIST PROPERTY DAMAGE PROTECTION**, on page 8 of *your* insurance policy: (d) **PERSONS INSURED** does not include any person while operating any *automobile*, *utility automobile* or *utility trailer* that is available for hire or while *using* an *automobile*, *utility automobile* or *utility trailer* that is part of a *Personal Vehicle Sharing Program* or *Commercial Ride-Sharing Program* or a similar arrangement.

26. **DEFINITIONS - UNINSURED MOTORIST PROPERTY DAMAGE PROTECTION**, *Insured Automobile*, on page 8 of *your* insurance policy is revised as follows: (e) *Insured Automobile* does not include any *automobile*, *utility automobile* or *utility trailer* while being *used* by any person, including *you*, pursuant to a *Personal Vehicle Sharing Program*, or *Commercial Ride-Sharing Program* or similar arrangement or is otherwise under the control of a *Personal Vehicle Sharing Program* or *Commercial Ride-Sharing Program* or similar arrangement.

# 21st CENTURY ROADSIDE ASSISTANCE ENDORSEMENT

Regardless of the coverage provided by this policy and in consideration of the premium charged for that coverage, this policy includes 21st Century Roadside Assistance at no additional premium.

**Twenty-four (24) Hour Roadside Assistance**

**A. Insuring Agreement**

In the event that an *insured automobile* becomes disabled and *you* need help *we* are providing *you* access to 24-hour toll-free assistance. Services includes the towing and labor costs related to a mechanical disablement, subject to a maximum limit of $75 for each disablement for:

1. Towing;
2. Jump starts;
3. Tire changes;
4. Fuel delivery; and
5. Lock-out service.

**B. Exclusions**

The service does not include the cost for tires, fuel, belts, keys or parts associated with the service being provided. Any service costs in an amount in excess of *our* maximum per disablement limit must be paid directly to the service provider by *you* at the time of service

This service does not apply to any of the following vehicle types regardless of whether they are an *insured automobile*:

1. *Utility Trailers*;
2. Recreational vehicles;
3. Motor homes;
4. Towed vehicles;
5. Motorcycles; or
6. Stored vehicles.

**C. Limit of Liability**

*Our* limit of liability for Roadside Assistance is limited to the following:

1. Roadside Assistance is limited to a maximum of five (5) service calls per vehicle per calendar year, subject to a maximum of $75 per disablement.

2. Roadside Assistance is only available by calling the 21st Century Roadside Assistance toll-free number to request assistance prior to the

service being provided. 21st Century Roadside Assistance will make arrangements with the service provider. *You* will not be reimbursed under this program for any expenses resulting from service arranged directly by *you* or any other party.

In the event that *you* call 21st Century Roadside Assistance for service but the service cannot be provided, 21st Century Roadside Assistance will reimburse *you* up to the maximum per disablement limit if *you* promptly provide them the original documents for the service provided.

AU CWF9 1011

**THIS ENDORSEMENT IS PART OF YOUR POLICY.  PLEASE READ IT CAREFULLY.**

## FEE INFORMATION ENDORSEMENT

In consideration of our agreement to allow you to pay in installments, the following service fee will apply:

$ 4.00    Installment Plan Fee - per installment payment

In addition, the following fees also apply:

$10.00    Returned Payment Fee - per each check, electronic transaction or other remittance which is not honored by your financial institution for any reason including but not limited to insufficient funds or a closed account

$50.00    Cancellation Fee - charged when you request the cancellation of the policy or when the policy cancels due to nonpayment of premium

$ 5.00    Late Fee - per late payment for an installment payment

One or more of the fees or charges described above may be deemed a part of premium under applicable state law.

All other terms and conditions contained in the policy and any endorsement issued by us shall remain unchanged.

**AU CWF9 1011**



# EXHIBIT 3

# CERTIFICATION

I, Scott R. Ostericher, do hereby certify that I am the AVP, Claim Operations, Claims of RLI

Insurance Company, a corporation organized and existing under the laws of the State of Illinois, and

that to the best of my knowledge the attached is a true and correct copy of Policy No. PUP1113913

(01/28/2018 – 01/28/2019) issued to Named Insured Gilbert P Luna and Lori A Luna.

DN: cn=Scott R. Ostericher, o=RLI/Mt. Hawley/CBIC, ou=Claim
Department, email=scott.ostericher@rlicorp.com, c=US
Reason: I attest to the accuracy and integrity of this document
Location: Peoria, Illinois
Date: 2020.07.09 08:48:11 -05'00'

Scott R. Ostericher, AVP, Claim Operations, Claims
RLI Insurance Company

# RLI

**RLI Insurance Company**
Peoria, Illinois 61615

A stock insurance company, herein called the Company

# PERSONAL UMBRELLA LIABILITY POLICY

These Renewal Declarations are a part of your policy. All other terms and conditions remain unchanged.

## RENEWAL DECLARATIONS

| Policy Number | PUP1113913 | | 1/31/2018 |
|---|---|---|---|

| Named Insured & Mailing Address | Agent |
|---|---|
| GILBERT P LUNA<br>LORI A LUNA<br>2440 W GREENACRE AVE<br>ANAHEIM, CA 92801 | 59458  RLI Underwriting Services, Inc<br>(855) 249-4467<br>10000 Midlantic Drive<br>Suite 400W<br>Mount Laurel, NJ 08054 |

| Primary Residence Address (if different than above)<br>Same As Above | Insured's Brokering Agent<br>88257    21st Century Ins & Fin RLI |
|---|---|

| Policy Period - | 12:01 A.M. standard time at the address<br>of the Named Insured as stated herein. | From 01/28/2018    To 01/28/2019 |
|---|---|---|

| Limit of Coverage | $ 2,000,000 | each occurrence |
|---|---|---|

| Excess Uninsured/Underinsured Motorists | | |
|---|---|---|
| Limit of Coverage | $ 1,000,000 | each accident |

Policy Premium $ ▉

Self-Insured Retention:    $ ▉    each occurrence

Forms included at issue will appear on Page 2 of this Declaration.

**REQUIRED BASIC POLICIES**

It is agreed by you that you and any Relative will be covered by an Automobile liability policy for any Automobile you operate or your Relative operates for at least the minimum limits listed below. It is also agreed by you that you and any Relative will be covered by a personal liability policy for at least the minimum limits listed below. If you or your Relatives are not covered under your policies for at least the minimum limits listed below, they must be covered under another Automobile liability policy and another personal liability policy for at least the minimum limits below. If you or your Relatives own a Farm, Seasonal/Secondary/Rental Properties, Recreational Vehicles or Watercraft, you or your Relatives, as the case may be, agree to carry the appropriate policy (or endorsements) listed below covering both you and your Relatives for at least the minimum limits below.

| Basic Policy | Minimum Limit of Coverage | | |
|---|---|---|---|
| A.  Automobile Liability | Bodily Injury | $   250,000 | each person |
| | | $   500,000 | each occurrence |
| | Property Damage | $     50,000 | each occurrence |
| | | or | |
| | Bodily Injury | $   300,000 | each person |
| | | $   300,000 | each occurrence |
| | Property Damage | $     50,000 | each occurrence |
| | | or | |
| | Bodily Injury and Property Damage | | |
| | Combined Single Limit | $   300,000 | each occurrence |

(continued on page 2)

PUP 311 (04/10)

Page 1 of 2

| Basic Policy | Minimum Limit of Coverage |
|---|---|

| | | |
|---|---|---|
| B.  Uninsured/Underinsured Motorists | Bodily Injury | $   250,000  each person |
| | | $   500,000  each occurrence |
| | Property Damage | $        N/A  each occurrence |
| | or | |
| | Bodily Injury | $   300,000  each person |
| | | $   300,000  each occurrence |
| | Property Damage | $        N/A  each occurrence |
| | or | |
| | Bodily Injury and Property Damage Combined Single Limit | $   300,000  each occurrence |

| | | |
|---|---|---|
| C.  Personal Liability | | |
|    1.  PRIMARY RESIDENCE | | |
|       Homeowners or Personal Liability | Bodily Injury and Property Damage Combined Single Limit | $   300,000  each occurrence |
|    2.  SEASONAL, SECONDARY OR RENTAL PROPERTIES | | |
|       Comprehensive Personal Liability or Premises Liability | Bodily Injury and Property Damage Combined Single Limit | $   300,000  each occurrence |
|    3.  FARM | | |
|       Farmowners or Comprehensive Personal Liability | Bodily Injury and Property Damage Combined Single Limit | $   300,000  each occurrence |

| | | |
|---|---|---|
| D.  Recreational Vehicle Liability | Bodily Injury | $   100,000  each person |
| | | $   300,000  each occurrence |
| | Property Damage | $     25,000  each occurrence |
| | or | |
| | Bodily Injury and Property Damage Combined Single Limit | $   100,000  each occurrence |

| | | |
|---|---|---|
| E.  Watercraft Liability | | |
|   (including, but not limited to, | Bodily Injury | $   300,000  each person |
|    personal watercraft) | | $   300,000  each occurrence |
| | Property Damage | $   100,000  each occurrence |
| | or | |
| | Bodily Injury | $   250,000  each person |
| | | $   500,000  each occurrence |
| | Property Damage | $   100,000  each occurrence |
| | or | |
| | Bodily Injury and Property Damage Combined Single Limit | $   300,000  each occurrence |

Forms included at issue:

PUP 320 (09/14)    POLICY PROVISIONS
PUA 404 (09/14)    STATE AMENDATORY
PUP 325C (09/14)    UM/UIM ENDORSEMENT
ILF 0001P (04/16)    Signature Page - Personal Lines

PUP 311 (04/10)                                                                                                    Page 2 of  2

**THIS POLICY IS NOT COMPLETE WITHOUT A DECLARATIONS PAGE.**

## RLI Insurance Company

Peoria, Illinois 61615

A Stock Insurance Company

## Personal Umbrella Liability Policy

# POLICY PROVISIONS

RLI Insurance Company provides the insurance described in this policy. You agree to pay the premium and comply with your responsibilities in the policy.

PART I – DEFINITIONS

In this policy, the words you, your, or yours mean the person named in the Declarations as the Named Insured and his or her **Spouse** who lives in the same household. The words we, us, our, or ours mean RLI Insurance Company. Also, in this policy, the word:

A. **Automobile** means:

   1. A car, van, pickup truck, motorcycle, moped or motor home;

   2. A trailer, farm wagon or hay rack while towed by any motorized vehicle listed in Definition A.1.; or

   3. Any motorized vehicle that would otherwise be classified as a **Recreational Vehicle** that requires motor vehicle registration or operator licensing.

B. **Basic Policy** or **Basic Policies** means a policy or policies listed in the Declarations (including renewals, temporary replacements for non-owned **Automobiles**, or endorsements) which provides primary liability coverage. **Basic Policy** or **Basic Policies** does not include a commercial or business general liability policy or other non-personal premises liability policy.

C. **Bodily Injury** means bodily harm, sickness or disease (including required care, loss of services, and death) to others.

D. **Business** means a trade, occupation or profession, including farming and ranching. **Business** also means residential property rented or held for rental to others.

E. **Business Property** means property on which a **Business** is operated, including farms and ranches, whether or not such property is occupied or in use.

F. **Injury** means **Bodily Injury**, **Personal Injury** or **Property Damage**.

G. **Insured Location** means a one to four family dwelling, a condominium, a townhouse or a one to two family mobile home that is owned or occupied by you, including any primary, secondary or seasonal dwelling, as well as the other related, private structures and grounds at that location.

H. **Occurrence** means:

   1. An accident, including continuous or repeated exposure to the same general harmful conditions, that results in **Bodily Injury** or **Property Damage**.

   2. An offense, including continuous or repeated exposure to the same general harmful conditions, that results in **Personal Injury**.

I. **Personal Injury** means damage arising out of the following offenses:

   1. Libel, slander, or defamation of character;

   2. False arrest, willful or false detention or imprisonment, or malicious prosecution; or

   3. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

J. **Policy Period** means the effective dates of the policy as shown in the Declarations.

K. **Policy Territory** means anywhere in the world, provided **Suit** must be brought in the United States of America, including its territories and possessions, Puerto Rico or Canada.

L. **Property Damage** means direct physical damage to tangible property as well as loss of use of that property.

M. **Punitive or Exemplary Damages** means damages imposed to punish a wrongdoer or deter others from similar conduct. **Punitive or Exemplary Damages** includes aggravated damages or damages on an increased or multiplied scale, which are awarded to the injured party in addition to compensatory damages.

N. **Recreational Vehicle** means a motorized vehicle for use on land which does not require motor vehicle registration or operator licensing and which is not intended for use on public highways. **Recreational Vehicle** includes, but is not limited to:

1. Snowmobiles, all-terrain vehicles, motorbikes, golf carts, personal transporters; or

2. Motorized farm, garden, ranch, and maintenance equipment, modified or unmodified, capable of speed that does not exceed twenty-five (25) mph under any circumstances.

O. **Relative** means a person related to you by blood, marriage, civil union, or adoption who resides in your household on a fulltime basis and anyone else in your or a **Relative's** care residing in your household. Any child will be considered residing in your household on a fulltime basis if you or a **Relative** are a legal custodian of the child. A **Relative** includes a student under the age of 26 who is enrolled in school full time, as defined by the school, and residing temporarily away from home.

P. **Self-Insured Retention** means the amount shown in the Declarations that anyone covered by this policy must pay for **Injury** before we pay any amount under this policy. This amount shall be applied if the **Basic Policies** do not provide coverage for the **Occurrence**, but coverage is afforded under this policy.

Q. **Spouse** is an individual married to the Named Insured, including an individual who is a party to a civil union or is in a domestic partnership pursuant to applicable law in the state where the policy is issued.

R. **Suit** means a civil proceeding alleging damages because of **Injury** to which this insurance applies.

S. **Watercraft** means a boat or craft which is designed for use on water.

## PART II – WHO IS COVERED

A. For **Occurrences** not involving motorized vehicles or **Watercraft**:

1. You and your **Relatives** are covered.

2. Any person or organization legally responsible for your or a **Relative's** animals is covered if:

   a. the **Occurrence** arises out of the custody of the animal by that person or organization;

   b. their custody of such animal is with your or a **Relative's** consent; and

   c. the custody is not in the course of any **Business** of such person or organization; and

   d. they are covered under the **Basic Policies** for **Occurrences** involving your or a **Relative's** animals.

3. A trust or any other person or legal entity, in addition to those described above, who is covered as an insured for liability under your **Basic Policies** is covered for such **Occurrence**.

B. For **Occurrences** involving **Automobiles**, **Recreational Vehicles** or **Watercraft**:

1. a. You are covered for any **Automobile**, **Recreational Vehicle** or **Watercraft** you own, borrow, rent, or use.

   b. Anyone else who uses an **Automobile**, **Recreational Vehicle** or **Watercraft** you own or use as a temporary substitute is covered if:

      (1) they use it with your express or implied permission; and,

      (2) the use is for the purpose you intended.

   The coverage under paragraph 1. shall not extend to:

      (1) the owner of a borrowed or rented **Automobile**, **Recreational Vehicle** or **Watercraft** or his agents or employees; or

      (2) organizations involved in **Automobile**, **Recreational Vehicle** or **Watercraft** sales, service, garage or parking **Business**, or their agents or employees.

2. a. Your **Relatives** are covered for any **Automobile**, **Recreational Vehicle** or **Watercraft** they own, rent, or use as a temporary substitute or that is furnished for their regular use. Your **Relatives** are covered for any **Automobile**, **Recreational Vehicle** or **Watercraft** they borrow if:

      (1) they use it with the owner's express or implied permission; and

(2) the use is for the purpose intended by the owner.

b. Anyone who uses an **Automobile**, **Recreational Vehicle** or **Watercraft** owned by your **Relative** is covered if:

(1) they use it with that **Relative's** express or implied permission; and

(2) the use is for the purpose intended by that **Relative**.

3. A trust that is covered as an insured for liability under your **Basic Policy** is covered for such **Occurrence**.

## PART III – WHAT WE WILL DO

We will pay an amount that anyone covered by this policy becomes legally liable for **Injury** to which this insurance applies due to an **Occurrence** which takes place during the **Policy Period** and in the **Policy Territory**. This insurance applies:

A. as excess insurance over and above the greater of:

1. The Minimum Limit of Coverage as stated in the Declarations which is required to be provided by the **Basic Policies**; or

2. The actual Limit of Coverage provided by the **Basic Policies** if such actual limit is greater than the Minimum Limit of Coverage as stated in the Declarations.

B. If **Injury** is not covered under the applicable **Basic Policies** and coverage is afforded under this policy, to the extent such amount exceeds the **Self-Insured Retention** amount stated in the Declarations.

## PART IV – REQUIRED BASIC POLICIES

A. If you or your **Relatives** are covered for **Injury** by this policy, but such **Injury** is not covered under the **Basic Policies**:

1. We have the right and duty to defend you or your **Relative** against legal actions seeking payment from you or your **Relative** because of **Injury**. We will do this even if there are no grounds for the action. We will pay the cost of this defense in addition to the Limit of Coverage.

2. We will pay the premium for appeal bonds as well as reasonable expenses (including loss of earnings up to $250.00 per day), in addition to the Limit of Coverage. The premium and expenses will be paid only if incurred at our request.

3. Our duty to defend, and any obligation we have to pay other defense costs or expenses under this subsection A., ends when the amount we pay or offer to pay for any or all **Injury** equals our Limit of Coverage.

B. 1. If any of the required **Basic Policies** are:

a. not carried, we will pay only as though the **Basic Policies** had been carried; or

b. terminated, we will pay only as though the **Basic Policies** had never been terminated.

2. If any Limits of Coverage carried under the **Basic Policies** are:

a. less than the minimum required limits listed in the Declarations, we will pay only as though **Basic Policies** had been carried with the full Minimum Limit of Coverage required in the Declarations; or

b. subject to a sublimit that is less than the minimum required limits listed in the Declarations, we will pay only as though **Basic Policies** had been carried with the full Minimum Limit of Coverage required in the Declarations; or

c. reduced by the payment of losses under the **Basic Policies**, we will pay only as though the limits under the **Basic Policies** had not been reduced by the payment of any losses under the **Basic Policies**.

3. If any of the **Basic Policies** required to be carried do not cover your **Relatives**, or cover your **Relatives** in an amount less than the Minimum Limits of Coverage listed in the Declarations, we will pay for such **Relatives** only as though the required **Basic Policies** covered them for at least the Minimum Limits of Coverage listed in the Declarations.

4. If any of the **Basic Policies** required to be carried do not cover the persons referenced in Part II. B.1.b. or B.2.b. or cover them in an amount less than the Minimum Limits of Coverage listed in the Declarations, we will pay for such persons only as though the required **Basic Policies** covered them for at least the Minimum Limits of Coverage listed in the Declarations.

5. If any insurance company providing any **Basic Policies** becomes unable to pay because it is insolvent, we will only pay, subject to this policy's Limits of Coverage, to the extent that the amount for **Injury** exceeds the **Basic Policies'** Minimum Limit of Coverage as listed in the Declarations.

6. Regarding B.1. through B.5. above, we will not be responsible, nor will we pay for, any defense, investigation, negotiation, legal fees, court costs, interest, or any similar fees or costs. We do, however, have the right to enter any such matter if we wish.

7. If the **Basic Policies** do not provide coverage due to failure to comply with conditions in those **Basic Policies**, this policy also will not provide coverage for that claim.

## PART V – WHAT IS NOT COVERED – EXCLUSIONS

This policy does not provide coverage for:

A. **Injury** caused by, resulting from, arising out of or in any way connected with **Business** pursuits or **Business Property**, unless arising from an **Insured Location** and only if the **Injury** is covered by a valid and collectible **Basic Policy** for the full Minimum Limits of Coverage listed in the Declarations. However, this Exclusion (A.) does not apply to **Injury** arising from activities occurring on a farm or ranch which are personal rather than **Business** in nature.

B. **Injury** caused by, resulting from, arising out of or in any way connected with the **Business** use of an **Automobile**, **Recreational Vehicle** or **Watercraft** unless that use is by you or your **Relatives** and unless the **Injury** is covered by a valid and collectible **Basic Policy** for the full Minimum Limits of Coverage listed in the Declarations.

C. **Injury** arising out of, or in any way connected with, the **Business** use of any motorized vehicle while engaged in hauling or towing.

D. **Injury** arising out of the rendering or failure to render a professional service of any nature.

E. **Injury** arising out of the ownership, maintenance, operation, use, loading or unloading of any aircraft by, on behalf of or at the direction of you, a **Relative** or any other person covered by this policy. An aircraft means any contrivance used or designed for flight, except model or hobby aircraft not used for or designed to carry people or cargo.

F. Any obligations under a worker's compensation, occupational disease, unemployment compensation, disability benefits law, or any similar law.

G. **Personal Injury** or **Bodily Injury** to a household employee, unless also covered by valid and collectible insurance under the **Basic Policy** for the full Minimum Limits of Coverage shown in the Declarations.

H. **Injury** arising out of activities as an officer or member of the board of directors of any organization or corporation unless that organization or corporation is not formed for

profit and the **Injury** is covered by either (1) a **Basic Policy** for the full Minimum Limits of Coverage shown in the Declarations or (2) valid and collectible primary insurance equal to the personal liability limit listed in the Declarations.

I. Any claim or **Suit** that is:

1. Brought by or on behalf of any person who qualifies for coverage under Part II WHO IS COVERED against any other person who qualifies for coverage under Part II WHO IS COVERED; or

2. Brought by any person who lived in your household during the **Policy Period** against any person who qualifies for coverage under Part II WHO IS COVERED.

Exclusion I.1. does not apply to a claim or **Suit** brought by a passenger, unless that passenger is a Named Insured or **Relative**.

J. **Bodily Injury** or **Property Damage** caused by an intentional or purposeful act, regardless of whether or not that **Bodily Injury** or **Property Damage** was expected or intended. However, this Exclusion (J.) does not apply to **Bodily Injury** resulting from the use of reasonable force by you or your **Relatives** to protect persons or property.

K. **Injury** caused by, resulting from, arising out of or connected with any activity for which any criminal charge is brought against anyone covered by this policy, unless the criminal charge arises out of the use of an **Automobile** by you or your **Relative**. This Exclusion (K.) does not apply to statutory liability for ownership of an **Automobile** that may be imposed on you or your **Relative**.

L. You or anyone else for any **Injury** involving nuclear energy or radiation if the loss is covered, or should have been covered, except for exhaustion of coverage limits by a nuclear energy liability policy.

M. No-fault benefits, uninsured motorist or underinsured motorist benefits or any other first party benefits.

N. **Injury** which arises, directly or indirectly, out of the transmission of a communicable disease by you, a **Relative** or any other person covered by this policy.

O. **Property Damage** to:

1. Property owned by you or a **Relative**; or

2. Property rented to, occupied or used by, or in the care, custody or control of, you or a **Relative** to the extent that you or a **Relative** is obligated by contract to provide insurance for such property. However, this Exclusion (O.2.) does not apply to **Property Damage** caused by fire, smoke or explosion.

P. **Injury** arising out of any physical abuse, verbal abuse, sexual abuse, sexual molestation or sexual harassment, whether actual, alleged or threatened. This Exclusion (P.) applies to **Injury** arising from any covered person's act or failure to act.

Q. **Injury** arising out of any speed contest or race involving an **Automobile**, **Recreational Vehicle** or **Watercraft**, including but not limited to an impromptu speed or passing contest. This Exclusion (Q.) does not apply to an insured Watercraft operated by sail.

R. **Injury** caused directly or indirectly by war, including the following and any consequences of any of the following:

1. Undeclared war, civil war, insurrection, rebellion or revolution;

2. Warlike act by a military force or military personnel; or

3. Destruction, seizure or use for a military purpose.

Discharge of a nuclear weapon will be deemed a warlike act even if accidental.

S. **Injury** arising out of discrimination on the grounds of race, sex, color, national origin, age, creed, disability or sexual preference, or allegation involving any of these acts.

T. **Injury** arising out of the ingestion, inhalation or absorption of lead.

U. **Injury** arising out of the giving or serving of any alcoholic beverage unless also covered by valid and collectible insurance under the **Basic Policy** for the full Minimum Limit of Coverage shown in the Declarations.

V. **Injury** arising from property rented to others or held for rental to others by anyone insured by this policy, unless (1) the property meets the definition of **Insured Location**; and (2) the **Injury** is covered by a valid and collectible **Basic Policy** for the full Minimum Limits of Coverage shown in the Declarations.

W. **Injury** arising out of:

1. The entrustment of real property, an **Automobile**, **Recreational Vehicle** or **Watercraft** by anyone covered by this policy to any person; or

2. The negligent supervision of any person or animal by anyone covered by this policy;

3. Any liability statutorily imposed on anyone covered by this policy;

4. Any liability assumed through an unwritten or written agreement by anyone covered by this policy; or

5. The ownership or entrustment of any animal to anyone covered by this policy;

unless also covered by valid and collectible insurance under the **Basic Policy** for the full Minimum Limit of Coverage shown in the Declarations.

X. **Injury** arising out of the ownership, maintenance, operation, boarding or debarking of any **Watercraft** which exceeds forty-five (45) feet in length and/or any model, modified or unmodified, capable of speed that exceeds fifty (50) miles per hour under any circumstances.

This Exclusion (X.) does not apply to jet skis, wave runners, or similar personal **Watercraft**.

Y. Actual or alleged **Injury**, including death at any time resulting there from, arising directly or indirectly, in whole or part, from the actual, alleged or threatened exposure to, inhalation of, ingestion of, contact with, absorption, existence of or presence of any **Fungi**, or for the diminution in value, loss of market value, loss of use, removal or abatement of any **Fungi** alleged to be causative or potentially causative of **Bodily Injury**, **Property Damage**, or **Personal Injury**.

This Exclusion (Y.) applies regardless of whether any other cause, event, material, product or condition, including but not limited to water damage or water intrusion, contributed concurrently or in any sequence to such loss, demand, claim, cost, expense, **Suit**, **Bodily Injury**, **Property Damage**, **Personal Injury** or liability.

**Fungi** means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

Z. **Injury** arising out of premises sold, abandoned or given away by any person covered by this policy, whether residential or commercial.

AA. **Injury** arising out of:

broadcasting, communicating, posting, publishing, searching, accessing or telecasting through the public internet or any local intranet. This includes all electronic communications sent via computer, mobile device, telephone, satellite or any other electronic device unless also covered by valid and collectible insurance under the **Basic Policy** for the full Minimum Limits of Coverage shown in the Declarations.

BB. **Punitive or Exemplary Damages**, fines or penalties.

CC. **Personal Injury** arising out of any offense that first took place before the beginning of the **Policy Period**.

DD. **Injury** arising out of:

1.  The actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape, contamination, growth, inhalation, ingestion, absorption of or exposure to **Pollutants**:

    a.  At or from any premises, site or location on which you or any covered person is performing or has performed operations; or

    b.  At or from any premises, site or location which is or was at any time owned or occupied by or rented or loaned to you or any covered person. However, this subparagraph does not apply to:

        (1) **Injury** arising out of heat, smoke or fumes from a **Hostile Fire**; or

        (2) **Injury** if sustained within a building and caused by smoke, fumes, vapors or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

2.  Any loss, cost or expense arising out of any:

    a.  Request, demand or order that you or anyone else test for, monitor, cleanup, remove, abate, remediate, contain, treat, detoxify or neutralize, in any way respond to, or assess the effects of **Pollutants**;

    b.  Claim or **Suit** for damages because of diminution in value, loss of market value, loss of use, testing for, monitoring, cleaning up, removing, abating, remediating, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of **Pollutants**;

    c.  Any payment of the investigation or defense of any loss, **Injury** or damage or any cost, fine or for any expense, claim or **Suit** related to any of the above.

        **Pollutants** means any solid, liquid, gaseous or thermal irritant, or contaminant, including smoke, vapor, soot, airborne fibers, fumes, acids, alkalis, chemicals; toxins derived from but not limited to mold, fungus, or decay; and waste derived from any source, including but not limited to petroleum derivative products, which contaminate, pollute and/or defile any physical substance or matter. Waste includes materials to be recycled, reconditioned or reclaimed.

        **Hostile Fire** means one which becomes uncontrollable or breaks out from where it was intended to be.

EE. **Injury** arising out of the use of any vehicle that is subject to state or federal regulation as a commercial motor vehicle and requires the operator to have a Commercial Drivers License (CDL).

FF. **Injury** caused by, resulting from, arising out of or in any way connected with the use of an **Automobile** used for public livery or enrolled in a personal vehicle sharing program under the terms of a written agreement while being used in connection with such personal vehicle sharing program. This Exclusion (FF.) does not apply to a share-the- expense car pool.

GG. **Injury** arising directly or indirectly out of or otherwise related to the use of a firearm, regardless of who owns, controls, or uses the firearm, unless also covered by a valid and collectible **Basic Policy** or **Basic Policies** for the full Minimum Limit of Coverage shown in the Declarations.

HH. **Injury** arising out of corporal punishment administered by or at the direction of a person covered under this policy.

PART VI – LIMIT OF INSURANCE

The most we will pay for **Injury** because of an **Occurrence** covered under this policy is stated as the each Occurrence Limit of Coverage on the Declarations. There is no limit to the number of **Occurrences** during the **Policy Period** for which a claim may be made. This insurance applies separately to each person covered by this policy, but this does not increase our Limit of Coverage per **Occurrence**.

PART VII – CONDITIONS

A.  *Primary Insurance Requirements*

    1.  You agree that all required **Basic Policies** described in this Policy or the Declarations are in force at the limits described in the Declarations for any:

        a.  Personal residence, farm, seasonal, secondary or rental property owned, rented or leased by you or any covered person; and

        b.  **Automobile**, **Watercraft** or **Recreational Vehicle** owned, leased, rented or provided for the regular use of any covered person.

2. You agree that all required **Basic Policies** will be maintained with the coverages and at the limits declared and described in the Declarations. Such insurance shall not afford sublimits of liability with respect to any coverage or driver.

B. *Duties in the Event of Occurrence, Offense, Claim or Suit.*

If an event which is likely to involve this policy, or if you or anyone else covered under the policy is sued in connection with an **Injury** which may be covered under this policy, you and they must do the following:

1. Notify us and your agent as soon as possible;

2. Immediately provide us with any **Suit** papers and any other documents which will help us to defend you or them;

3. Cooperate with us at all times regarding:

   a. Investigation and settlement of claims;

   b. Enforcement of your rights against others;

   c. Attendance at hearings and trials;

   d. Preservation of evidence; and

   e. Location of witnesses;

4. Submit to examinations under oath or written questions at our request as often as we reasonably require about any matter relating to the policy or **Occurrence**. We may examine you separately and apart from your **Spouse** or any other individual covered under this policy. In the event of written questions, answers must be signed. At our request, you or anyone else covered under the policy must provide relevant records and documents and permit us to make copies as often as we reasonably require;

5. Assist us generally in the preparation of the defense. Such assistance may include any appeal of a judgment to a higher court, even if the companies who write the **Basic Policies** are not willing to participate with us; and

6. Anyone covered by this policy must do all they can to protect any right they may have to recover from others. These rights will become ours up to the loss we have paid.

C. *Assignment.* No one covered under this policy may assign or turn over any right or interest in regard to the policy without our written consent.

D. *Legal Action Against Us.* A person or organization may bring a **Suit** against us including, but not limited to, a **Suit** to recover on an agreed settlement or on a final judgment against anyone covered by this policy; but we will not be liable for damages that are not payable under the terms of this insurance or that are in excess of the applicable Limits of Coverage. An agreed settlement means a settlement and release of liability signed by us, anyone covered by this policy, and the claimant or the claimant's legal representative.

E. *Our Right to Recover Payment.* If we make any payment under this policy and the person to or for whom payment is made has a right to recover damages from another, we shall be subrogated to that right. You must do nothing after loss to prejudice that right. However, our right to recover is subordinate to the right you or anyone who is covered by this policy to be fully compensated.

F. *Changes.* This policy may only be changed by written endorsement issued by us.

G. *Conform to Law.* If this policy conflicts with state or local laws then it is changed to conform.

H. *Liberalization Clause.* If we adopt any revision which would broaden coverage under this policy without additional premium within sixty (60) days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

I. *Bankruptcy and Death.* Bankruptcy, insolvency, or death of anyone covered under this policy will not affect this coverage. If anyone covered becomes bankrupt, insolvent, or dies, their legal representatives will be covered during this **Policy Period**.

J. *Other Insurance.* There may be other collectible insurance, in addition to the **Basic Policies**, covering a claim or **Suit** which is also covered by this policy. If this occurs, the other insurance will pay first and this policy will respond in excess of, and not contribute with, the other insurance.

This insurance does not apply until after exhaustion of all other collectible insurance and/or other protection available to anyone covered by this policy, including but not limited to, the **Basic Policies**, personal or commercial automobile insurance, employer's insurance and/or any other protection or indemnification whether primary, excess or contingent.

This provision applies to, but is not limited to, insurance available to anyone covered by this policy as an additional insured under primary and excess policies.

K. *Exemplary Damages.* In the event of reduction or exhaustion of the **Basic Policies** by payment of **Punitive or Exemplary Damages**, we shall be liable for loss or claims

insured hereunder only to the extent that we would have been liable without reduction or exhaustion of the **Basic Policies** by **Punitive or Exemplary Damages**.

L.  *Cancellation.*

1.  You may cancel this policy by mailing or delivering to our agent, or to us, advance notice of the date you wish it to be cancelled with your signature. Your premium refund, if any, will be calculated to include a 10% charge for early cancellation.

2.  We may cancel by mailing to you, at the last mailing address known to us, written notice stating when cancellation will be effective. If we cancel due to your failure to discharge when due any of your obligations in connection with the payment of premium for this policy or any installment payment, whether payable directly to us or our agent or indirectly under any premium finance plan or extension of credit, written notice of cancellation must be mailed at least ten (10) days before the effective date of cancellation. However, if we cancel for any reason other than nonpayment of premium, written notice of cancellation must be mailed at least thirty (30) days before the effective date of cancellation. Your premium refund, if any, will be pro rata. Proof of mailing of notice as mentioned above shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the **Policy Period**.

M.  *Nonrenewal.* If we elect not to renew this policy, we shall mail to you at the last address known to us written notice of nonrenewal not less than thirty (30) days before the end of the **Policy Period** as stated in the Declarations. Proof of mailing of notice mentioned above shall be sufficient proof of notice. Regardless, this policy will terminate at the end of the **Policy Period** as stated in the Declarations:

1.  If you have failed to discharge when due any of your obligations in connection with the payment of premium for the renewal of this policy; or

2.  If you have notified us or our agent that you do not wish this policy to be renewed.

N.  *Concealment – Misrepresentation.* This entire insurance is void if you conceal or misrepresent any material fact or circumstance relating to this insurance at any time.

O.  *No Voluntary Payment.* No one covered by this policy will, except at that person's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Policy Number:   PUP1275637

**RLI Insurance Company**
Peoria, Illinois 61615

A Stock Insurance Company

## Personal Umbrella Liability Policy

# STATE OF CALIFORNIA AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

PERSONAL UMBRELLA LIABILITY POLICY
POLICY PROVISIONS

The policy is amended, as of its effective date, as follows:

1) PART VII – CONDITIONS is amended by replacing L. *Cancellation.* as follows:

   L.   *Cancellation.*

   1. You may cancel this policy by mailing or delivering to our agent, or to us, advance notice of the date you wish it to be cancelled, enclosing therewith your copy of this policy. Your premium refund, if any, will be calculated to include a 10% charge for early cancellation.

   2. We may cancel this policy by letting you know in writing the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing will be sufficient proof of notice.

   3. If this policy has been in effect for less than sixty (60) days and is not a renewal with us, we may cancel the coverage by mailing or delivering written notice of cancellation to you, at your mailing address shown in the Declarations, at least ten (10) days prior to the date cancellation takes effect.

   4. If this policy has been in effect for sixty (60) days or more or is a renewal with us, we may cancel the policy by mailing or delivering written notice of cancellation to you at your mailing address shown in the Declarations, at least thirty (30) days prior to the effective date of cancellation, but only if cancellation is for one or more of the following reasons:

      a.   if there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy;

      b.   discovery of grossly negligent acts or omissions substantially increasing any of the hazards insured against; or

      c.   conviction of a crime having as one of its necessary elements an act increasing the hazard insured against.

   5. If this policy is written for a period longer than one (1) year, we may cancel for any reason at anniversary by notifying you at least forty-five (45) days before the date cancellation takes effect.

   6. If, when we cancel this policy, the return premium is not refunded with the notice of cancellation, we will refund it within twenty-five (25) days after the date cancellation takes effect. If, when you cancel this policy, the return premium is not refunded when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect. Your premium refund, if any, will be pro rata.

2)   PART VII – CONDITIONS is amended by replacing M. *Nonrenewal* as follows:

   M.   *Nonrenewal*.

   1.   If we elect not to renew this policy, we will mail or deliver to you, at your mailing address shown in the Declarations, written notice of nonrenewal at least forty-five (45) days before the end of the **Policy Period** as stated in the Declarations. Proof of mailing will be sufficient proof of notice.

   2.   If this policy is written for a period of less than one (1) year, we agree not to refuse to renew except at the end of an annual period commencing with the original or renewal effective date.

   3.   This provision will not apply and this policy will terminate:

      a.   at the end of the **Policy Period**, if you have agreed to nonrenewal; or

      b.   on the effective date of any other insurance policy, if you have accepted the other policy and it was issued as a replacement for this insurance.

Attached to and forming part of the policy of the RLI Insurance Company.
All other terms and conditions of the policy remain unchanged.
PUA 404 (09/14)                                            **58**                                            Page 2 of 2

Policy Number:  PUP1113913

**RLI Insurance Company**
Peoria, Illinois 61615

A Stock Insurance Company

## Personal Umbrella Liability Policy Provisions

# EXCESS UNINSURED/UNDERINSURED MOTORIST ENDORSEMENT

This endorsement modifies insurance provided under the following:

PERSONAL UMBRELLA LIABILITY POLICY
POLICY PROVISIONS

The policy is amended, as of its effective date unless another effective date is shown, as follows:

1) PART III – WHAT WE WILL DO is amended by the addition of the following:

   **Excess Uninsured/Underinsured Motorist Coverage.**

   We will pay those sums which you or your **Relative** is legally entitled to recover as damages from an uninsured or underinsured motorist because of **Bodily Injury** to which this insurance applies, caused by an **Accident** and in excess of all **Underlying Insurance** up to and not to exceed the Excess Uninsured/Underinsured Motorists Limit of Coverage shown on the Declarations. We will pay only in excess of the Uninsured/Underinsured Motorist Coverage required to be maintained under the Required **Basic Policies** as set forth in the Declarations. This coverage, except where provisions to the contrary appear in this policy including all endorsements, is subject to all the conditions, agreements, definitions, exclusions and limitations of, and shall follow the Required Basic Uninsured/Underinsured Motorist policy in all respects.

   This insurance applies only if:

   a. The policy limits of any and all **Underlying Insurance** have been exhausted by payment of judgments or settlements.

   b. You and your **Relatives** maintain Uninsured Motorist Coverage and Underinsured Motorist Coverage at limits equal to or greater than the Minimum Limits of Coverage as shown in the Required **Basic Policies** section of the Declarations for such coverages. Failure to maintain the applicable Minimum Limit of Coverage as shown in the Required **Basic Policies** section of the Declarations for Uninsured/Underinsured Motorists eliminates coverage under this Excess Uninsured/Underinsured Motorist Coverage.

2) PART V – WHAT IS NOT COVERED – EXCLUSIONS is amended by replacing Exclusion M., as follows:

   M. No-fault benefits to you or anyone else entitled to coverage under this policy. "No-fault" refers to benefits paid without regard to fault or legal liability.

3) PART V – WHAT IS NOT COVERED – EXCLUSIONS is amended to include the following additional exclusions with respect to the coverage provided by this endorsement:

   a) Damages because of **Bodily Injury**, any part of which is not covered by **Underlying Insurance** affording in total the Minimum Limits of Coverage as shown in the Required **Basic Policies** section of the Declarations for Uninsured/Underinsured Motorists.

   b) Damages because of **Bodily Injury** otherwise payable under this Excess Uninsured/Underinsured Motorists Coverage if such damages or any portion thereof are included in a settlement or agreement by or on behalf of you or your **Relative** which is entered into without our prior written consent.

c)  Damages because of **Bodily Injury** if there was no physical contact between you or your **Relative** and the Uninsured/Underinsured motor vehicle or between the motor vehicle occupied by you or your **Relative** and the Uninsured/Underinsured motor vehicle.

d)  Damages because of **Bodily Injury** if the **Accident** was not reported to the police, sheriff or other similar law enforcement authority within twenty-four (24) hours after the accident.

e)  Punitive or exemplary damages.

f)  **Property Damage** to any property, whether covered by **Underlying Insurance** or not.

g)  Duplicate payments for the same damages because of **Bodily Injury** under Part III – WHAT WE WILL DO Subsection A. and B. of this policy and under this Excess Uninsured/Underinsured Motorist Coverage endorsement.

h)  Damages because of **Bodily Injury** also covered under any workers' compensation, unemployment compensation, non-occupational disability, occupational disease, or disability benefits law or insurance policy or any similar law or insurance policy.

4)  With respect to the coverage provided by this endorsement PART VII – CONDITIONS is amended to include the following additional conditions:

P.  *Limit of Insurance.* This Excess Uninsured/Underinsured Motorists Coverage is limited to the Excess Uninsured/Underinsured Motorists Limit of Coverage shown on the Declarations regardless of the number of policies, persons covered, covered **Automobiles**, **Recreational Vehicles**, insureds, premiums paid, claims made, or vehicles involved in any **Accident**. The Limit of Coverage shown on the Declarations for Excess Uninsured/Underinsured Motorist Coverage is the most we will pay for all damages resulting from any one **Accident**.

Q.  Any injured person requesting coverage under this Excess Uninsured/Underinsured Motorists Coverage shall submit to an independent medical examination at our expense by physicians of our choice, as often as we reasonably require.

R.  Any injured person requesting coverage under this Excess Uninsured/Underinsured Motorists Coverage shall authorize us to obtain medical records or other pertinent information.

S.  Any injured person requesting coverage under this Excess Uninsured/Underinsured Motorists Coverage shall agree to submit to examinations under oath or written questions at our request as often as we reasonably require. In the event of written questions, an injured person's answers must be signed.

5)  Solely for the purpose of this endorsement, PART I – DEFINITIONS is amended to include the following:

**Underlying Insurance** means the Required Basic Uninsured/Underinsured Policy as shown in the Declarations and any other applicable liability, uninsured and/or underinsured motorist coverage, and any bond.

**Accident** means an accident, including continuous or repeated exposure to the same general harmful conditions.  All damages that are attributable directly or indirectly to one cause or to one series of similar causes will be added together and the total amount of such damages will be treated as one **Accident** irrespective of the period of time or area over which such damages occur.

6)  PART II – WHO IS COVERED does not apply to this Coverage.

7)  PART IV – REQUIRED BASIC POLICIES does not apply to this Coverage.

Attached to and forming a part of the policy of RLI Insurance Company.<br>All other terms and conditions of the policy remain unchanged.

RLI Insurance Company

# SIGNATURE PAGE

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

Corporate Secretary

President & COO

Licensed/Appointed Producer

ILF 0001P (04/16)